**OAK HILL CEMETERY OF HAMMOND, INC., Appellant (Plaintiff Below),**

v.

**FIRST NATIONAL BANK OF KOKOMO, as Trustee of Perpetual Care Fund Trust for Oak Hill Cemetery, Appellee (Defendant, Third–Party Plaintiff Below),**

v.

**HOOSIER STATE BANK OF INDIANA and Paul B. Huebner, Non-appealing Parties (Third Party Defendants Below).**

No. 34A02–8812–CV–00471.

Court of Appeals of Indiana, Second District.

May 16, 1990.

Gilbert F. Blackmun, Thomas M. Beeman, Friedrich, Bomberger, Tweedle and Blackmun, P.C., Highland, for appellant.

Alan D. Wilson, Thomas J. Trauring, Fell, McGarvey and Trauring, Kokomo, for appellee.

SHIELDS, Presiding Judge.

Oak Hill Cemetery of Hammond, Inc. [Oak Hill] seeks to appeal an order of the trial court granting summary judgment for the defendant, First National Bank of Kokomo, as Trustee of Perpetual Care Fund Trust for Oak Hill Cemetery [First National].

## INTRODUCTION

■ From the parties' briefs it is apparent they assume the trial court entered either an appealable final order or a final judgment as required by Ind. Appellate Rule 2(A). However, they are incorrect.

■ First National's motion for summary judgment was denied. Thereafter, First National filed a motion to reconsider the ruling pertaining to its execution of a quit-claim deed to certain real estate. The trial court did and, as its order evidences, granted summary judgment on that limited aspect of Oak Hill's amended complaint.[1]

---

1. The trial court's order reads in relevant part:

The Court finds that the Defendant, First National Bank did not violate its duty as a trustee of the perpetual care fund of the Oak Hill Cemetery of Hammond, Inc., by not investigating the nature and value of the real estate involved in the requested quit-claim deed. Defendant, First National Bank, did not receive the real estate in question as part of its trust agreement, nor did it in any way handle the said real estate. Having no title whatsoever to the questioned real estate, the First National Bank of Kokomo, had no obligation to inquire further but transferred by quit-claim deed all interest it had in the property, which was none, as requested.

. . . .

The Predecessor Trustee may have been negligent in its duty as it pertains to the real estate, however, the Defendant, First National

The remaining bases for Oak Hill's claims against First National were left undetermined.

Ind. Trial Rule 56(C) provides:

A summary judgment upon less than all the issues involved in a claim or with respect to less than all the claims or parties shall be interlocutory unless the court in writing expressly determines that there is not just reason for delay and in writing expressly directs entry of judgment as to less than all the issues, claims or parties.

The trial court did not make any such determination and entry. Accordingly, the appropriate remedy is to dismiss this appeal in order that the cause may proceed to trial. However, because of the delay in reaching this cause, because the parties have fully briefed the issue, and because it is an issue which undoubtedly will arise again regardless of the outcome of the remaining issues, we use our inherent authority to review the issue presented by the trial court's grant of partial summary judgment.

## ISSUE

The issue we address is whether the trial court erred in its grant of summary judgment for First National on Oak Hill's claim First National breached its fiduciary duty vis-à-vis the real estate for which it executed, in its fiduciary capacity, a quitclaim deed to parties other than the beneficiary of the trust, Oak Hill Cemetery.

## DISCUSSION

Oak Hill argues the trial court erred in granting summary judgment because genuine issues of fact exist pertaining to First National vis-à-vis Outlot "A". The allegations are that Outlot "A" adjoined the cemetery proper and that, during the administration of the prior trustee, Hoosier State Bank of Indiana [Hoosier State], Outlot "A" was deeded into the perpetual care trust of which First National is presently serving as trustee by the then owner of the

cemetery, Arthur Franklin Corporation. Approximately a year after First National succeeded Hoosier State, First National quitclaimed Outlot "A" on the trust's behalf to Arthur Franklin Corporation, the original grantor to Hoosier State, without consideration. Oak Hill asserts First National's conduct was a "blatant waste of trust property," Appellant's Brief at 19, and accordingly, a breach of First National's fiduciary duty.

First National responds with the argument it never held title to Outlot "A" because the parcel was not conveyed to it by the preceding trustee, Hoosier State Bank. Therefore, because a quitclaim deed conveys only the interest or estate of the grantor at the time of execution, First National had no interest to convey, its actions could not have diminished the trust assets, and it is entitled to judgment as a matter of law. Alternatively, First National claims the uncontroverted evidence is the conveyance to Hoosier State Bank in trust was a mistake of fact for which equity would grant relief.

The trial court erred in the grant of summary judgment. First National failed to negate the existence of disputed issues of material fact pertaining to whether it had an interest in Outlot "A" and to show it was entitled to judgment as a matter of law.

There is no merit to First National's argument it had no duties with reference to the real estate in dispute because Hoosier State Bank did not convey any interest in the real estate to First National. A deed was unnecessary to give First National "title" to the disputed real estate. A successor trustee "succeeds to the title of the trust property without the necessity of a conveyance from his predecessor ... the prevailing theory seems to be that when an appointment is made, title is transferred, not by the authority of the court but by operation of the trust instrument." G. Bogert & G. Bogert, *Trusts and Trustees* § 532, at 146 (rev. 2d ed. 1978).

Bank, did not receive the property as part of its trust assets and had no legal, statutory or contractual obligation to pursue or to safe-

guard the property which it never had under its control.
Record at 993.

First National's alternative argument also fails. Oak Hill alleges in its complaint Outlot "A" was conveyed by a prior owner of the cemetery to the perpetual care trust while the trust was administered by Hoosier State. At that point in time the trust had a fee simple interest in the property. In its pleadings and memoranda and on appeal, First National asserts the conveyance in trust to Hoosier State by Arthur Franklin Corporation was a mistake; accordingly, First National had no interest in the real estate as trustee; therefore, there is no injury to Oak Hill and, consequently, the trial court properly granted summary judgment. However, the record fails to substantiate First National's position.

██ In determining a motion for summary judgment, a trial court can consider only material deemed appropriate by Ind. Trial Rule 56(E). This record is devoid of any document that establishes mistake as a fact, such that the burden shifted to Oak Hill to come forward and establish the "fact" was disputed. Certainly, the letter from Arthur Franklin Corporation upon which First National relies does not meet the requirements of T.R. 56(E).[2] The affidavit of John E. Fell, Jr. identifies the letter as one he received "from Paul B. Huebner, the attorney for the Arthur Franklin Corporation, owner of Oak Hill Cemetery from August 3, 1964 to May 15, 1975." Record at 956. The letter and its attachments contain out-of-court assertions that the conveyance was a clerical error. Because Fell does not, and probably could not, attest to the truthfulness of those as-

sertions from his own personal knowledge, the letter and its attachment, are classic hearsay and thus do not meet the admissibility requirement of T.R. 56(E).

Therefore, First National failed to meet its burden of negating the existence of a genuinely disputed material fact and establishing it was entitled to summary judgment as a matter of law. Under those circumstances, the trial court erred in the grant of partial summary judgment.

Judgment reversed and cause remanded for further proceedings.

GARRARD and SULLIVAN, JJ., concur.

---

**2.** Even if the letter did comply with the relevant provisions of T.R. 56(E):

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to testify to the matters stated therein. Sworn or certified copies of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

T.R. 56(E), there would be a serious question as to whether First National established it was entitled to judgment as a matter of law. While equity may grant relief in the event of a mistake, it can also deny relief if the mistake occurred as the result of carelessness. As our supreme court said in *Toops v. Snyder* (1880),

70 Ind. 554, 560 (quoting *Wood v. Patterson* (1850), 4 Md. Ch. 335, 339–40):

> "It is not, however, in every case of mistake, even of a material fact, that the court will grant relief, for if the mistake is the result of the party's carelessness or inattention, the court will not interfere in his behalf, its policy being to administer relief to the vigilant and to put all parties upon the exercise of a reasonable degree of diligence." This may be regarded, we think, as the settled, equitable doctrine in reference to the correction of alleged mistakes.

Differing inferences reasonably can be drawn from the naked assertion by the grantor that the deed to Hoosier State Bank as Trustee "was simply ... clerical error." Record at 73.