Sarah DUNCAN, Appellant–Plaintiff,

v.

Crystal DUNCAN, Appellee–Defendant.

No. 15A04–0111–CV–489.

Court of Appeals of Indiana.

March 13, 2002.

Rehearing Denied April 22, 2002.

Douglas C. Holland, Lawrenceburg, IN, Attorney for Appellant.

Chad E. Willits, Rendigs Fry Kiely & Dennis, Cincinnati, OH, Attorney for Appellee.

## OPINION

BAKER, Judge.

Appellant-plaintiff Sarah Duncan (Sarah) appeals the trial court's grant of summary judgment entered in favor of her sister, appellee-defendant Crystal Duncan (Crystal). Specifically, Sarah claims that the trial court erroneously determined that her cause of action is barred by our automobile Guest Statute, IND. CODE § 34–30–11–1, because there is insufficient evidence of wanton or willful misconduct by Crystal. She also claims that the Guest Statute is unconstitutional because it denies equal protection to a class of people based solely upon their blood relationship to the tortfeasor and because it "singles out automobile operation" as the only type of negligence where recovery is barred based upon parentage. Appellant's brief at 9.

### FACTS

The undisputed facts are that at approximately 5:45 p.m., on May 10, 2000, four-teen-year-old Sarah was a passenger in a vehicle operated by seventeen-year-old Crystal. At that time, Crystal attempted to turn left out of a private driveway onto Route 56 northbound. Parked vehicles obstructed her view of southbound traffic, so Crystal pulled to the end of the driveway and looked in both directions for approaching traffic for approximately one minute before pulling out into the road. Her vehicle was hit on the driver's side by a vehicle proceeding southbound on Route 56.

On December 8, 2000, Sarah filed a cause of action against Crystal for injuries suffered in the automobile accident, alleging both negligence and wanton and willful misconduct by Crystal. Crystal filed a motion for summary judgment on July 10, 2001. In her motion, Crystal alleged that the Guest Statute barred Sarah's cause of action. The trial court granted Crystal's motion on September 26, 2001. Sarah now appeals.

### DISCUSSION AND DECISION

#### I. Standard of Review

In reviewing a trial court's ruling on summary judgment, this court stands in the shoes of the trial court, applying the same standards in deciding whether to affirm or reverse summary judgment. *Smith v. Allstate Ins. Co.,* 681 N.E.2d 220, 223 (Ind.Ct.App.1997). We do not weigh evidence, but will liberally construe the facts in the light most favorable to the nonmoving party. *General Motors Corp. v. Northrop Corp.,* 685 N.E.2d 127, 132 (Ind.Ct.App.1997), *trans. denied.* Summary judgment should be granted only when the designated evidentiary matter shows that there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. Ind.Trial Rule 56(C). On appeal, we must determine whether there is a genuine issue of material fact and whether the law

has been correctly applied by the trial court. *City of Elkhart v. Agenda: Open Gov't, Inc.*, 683 N.E.2d 622, 625 (Ind.Ct. App.1997), *trans. denied.* The party appealing the grant of summary judgment has the burden of persuading this court on appeal that the trial court's ruling was improper. *Schrader v. Eli Lilly & Co.*, 639 N.E.2d 258, 261 (Ind.1994).

## II. Sarah's Claims

### A. Wanton or Willful Misconduct

Sarah first contends that the trial court erroneously determined that the Guest Statute bars her cause of action because there is insufficient evidence to show wanton or willful misconduct by Crystal. Specifically, Sarah asserts that the trial court erred in only considering Crystal's acts immediately preceding the collision and not considering her act of "stopping and picking up [Sarah] in disobedience of her mother's specific orders" not to do so. Appellant's brief at 9. Thus, Sarah contends that Crystal's act of disobeying their mother constituted wanton and willful misconduct according to the Guest Statute.

 As an initial matter, we note that Sarah attempts to rely upon certain inadmissible statements in her mother's affidavit and inadmissible documents attached to that affidavit, to support her argument that Crystal acted wantonly and willfully in causing her injuries. In determining a motion for summary judgment, a trial court can consider only material deemed appropriate by Ind.Trial Rule 56(E). *Oak Hill Cemetery v. First Nat'l Bank*, 553 N.E.2d 1249, 1252 (Ind.Ct.App.1990). That rule provides:

> Supporting and opposing affidavits shall be made on personal knowledge, shall set forth such facts as would be admissible in evidence, and shall show affirmatively that the affiant is competent to

testify to the matters stated therein. Sworn or certified copies not previously self-authenticated of all papers or parts thereof referred to in an affidavit shall be attached thereto or served therewith.

The affidavit requirements of T.R. 56(E) are mandatory and a court considering a summary judgment motion should disregard inadmissible information contained in supporting or opposing affidavits. *Interstate Auction v. Cent. Nat'l Ins.*, 448 N.E.2d 1094, 1101 (Ind.Ct.App.1983). The party offering the affidavit into evidence bears the burden of establishing its admissibility. *L.K.I. Holdings, Inc. v. Tyner*, 658 N.E.2d 111, 116 (Ind.Ct.App.1995), *trans. denied.*

 In her affidavit, Mrs. Duncan states the legal conclusion that Crystal's act of disobeying her by having Sarah as a passenger in Crystal's vehicle constitutes "willful misconduct." Appellant's brief at 11; Appellant's App. at 44. An affidavit may not contain conclusions of law, and portions of an affidavit that do so will not be considered in ruling on a motion for summary judgment. *Coghill v. Badger*, 430 N.E.2d 405, 406 (Ind.Ct.App.1982).

 To support her statement that Crystal is a careless and reckless driver, Mrs. Duncan refers to attachments to her affidavit. These attachments constitute several unsworn and uncertified copies of police documents pertaining to alleged motor vehicle violations by Crystal both before and after the date of the accident involving Sarah. We will not consider these documents for several reasons. First, a court will not consider unsworn and unverified attachments in opposition to a motion for summary judgment. *Kronmiller v. Wangberg*, 665 N.E.2d 624, 627 (Ind.Ct.App.1996), *trans. denied.* Second, police reports and records are inadmissible hearsay according to Ind.Evidence Rule 801 and do not fall into the public records

exception to that rule. *See* Ind.Evidence Rule 803(8); *Wisehart v. State*, 693 N.E.2d 23, 34 n. 7 (Ind.1998). Third, subject to certain exceptions not applicable here, "evidence of other crimes, wrongs, or acts is not admissible to prove the character of a person in order to show action in conformity therewith." Ind.Evidence Rule 404(b).

■ In her affidavit, Mrs. Duncan also refers to conversations with "people" who informed her that, "Crystal was using marijuana and other drugs." Appellant's brief at 11; Appellant's App. at 44. Such testimony is inadmissible hearsay as it is based upon the out-of-court statements of other individuals, not upon Mrs. Duncan's personal knowledge. *See Oak Hill Cemetery*, 553 N.E.2d at 1252 (determining that because the witness could not attest to the truthfulness of assertions made in a letter and its attachment from his own personal knowledge, those items are classic hearsay and do not meet the admissibility requirement of T.R. 56(E)). Inasmuch as the foregoing evidence would be inadmissible at trial, we will not consider it in reviewing Sarah's claim. Thus, the evidence supporting Sarah's argument that Crystal acted wantonly and willfully in causing her injuries is confined to testimony that Crystal was acting against her mother's orders when she had Sarah as a passenger in her vehicle.

■ In addressing Sarah's claim, we turn to the provisions of the Guest Statute. The Guest Statute prohibits certain motor vehicle passengers from recovering for the negligent acts of their host driver and provides in relevant part:

> The owner, operator, or person responsible for the operation of a motor vehicle is not liable for loss or damage arising from injuries to or the death of:

. . .

> (5) the person's sister;

resulting from the operation of the motor vehicle while the parent, spouse, child or stepchild, brother, sister, or hitchhiker was being transported without payment in or upon the motor vehicle unless the injuries or death are caused by the *wanton or willful misconduct* of the operator, owner, or person responsible for the operation of the motor vehicle.

I.C. § 34–30–11–1 (emphasis supplied). Wanton or willful misconduct requires that the host-driver be: 1) conscious of her misconduct; 2) motivated by reckless indifference for the safety of her guest; and 3) know that her conduct subjects her guest to a probability of injury. *Thrapp v. Austin*, 436 N.E.2d 1170, 1175 (Ind.Ct. App.1982). The question of whether the defendant acted willfully or wantonly "should be determined by a consideration of [the defendant's] whole course of conduct leading up to the accident and the inquiry will not be confined to occurrences at the immediate time and place thereof." *Loehr v. Meuser*, 120 Ind.App. 630, 634, 93 N.E.2d 363, 365 (Ind.Ct.App.1950). A driver's mistake or error in judgment alone is insufficient to establish wanton or willful misconduct. *Thrapp*, 436 N.E.2d at 1175. Rather, the plaintiff must show that the driver had an adverse or perverse attitude towards her guest such that she was indifferent to the consequences of her conduct. *Id.*

■ Here, Sarah asserts that Crystal acted wantonly and willfully in the operation of her vehicle when she picked her up and drove her against their mother's order. While there is evidence that Crystal disobeyed her mother's command not to drive her sister, it does not follow that

Crystal manifested an adverse or perverse attitude towards Sarah's welfare or knowingly subjected her to a probability of danger. Rather, in her deposition, Sarah testified that Crystal stopped at the end of the driveway and looked both ways for traffic for about one minute before pulling out onto the road. Appellee's App. at 22. Sarah also testified that Crystal was not doing anything else before exiting the driveway aside from looking for traffic. Appellee's App. at 22. Thus, the entire course of conduct indicates that Crystal simply failed to see the approaching vehicle and that Sarah's injuries resulted from Crystal's mistake or error in judgment rather than from wanton or willful misconduct. The evidence that was properly designated to the trial court at most demonstrates negligence on Crystal's part. As Sarah has failed to present evidence creating a genuine issue of material fact on this issue, we conclude that the trial court did not err in determining that the Guest Statute barred her claim.

## B. Constitutionality of the Guest Statute

■ Sarah also claims that the Guest Statute violates the Equal Protection Clause of the United States Constitution and the Equal Privileges and Immunities and Due Course of Law clauses of the Indiana Constitution. Appellant's brief at 21–23. Specifically, Sarah argues that the Guest Statute's "classification scheme of bloodline immunity" results in differential treatment in automobile negligence cases for a group of persons based upon parentage, compared to "other [people] who may have had even closer relationships to the negligent driver," including half-siblings, good friends, and grandparents. Appellant's brief at 27. She also argues that the Guest Statute unconstitutionally "singles

out automobile operation" as the only type of negligence where the "right to recover in civil court" is barred based upon parentage. Appellant's brief at 26–27.

We need not address Sarah's claims that the Guest Statute is unconstitutional as she had opportunity to raise this issue to the trial court but failed to do so. *See* Appellant's App. at 41–42, 55–61. In *Morse v. State*, 593 N.E.2d 194, 197 (Ind. 1992), our supreme court addressed the constitutionality of a criminal statute even though the issue was not raised in the appellant's brief prepared by counsel and was raised, instead, by the defendant who filed a motion pro se. Our supreme court stated: "Although we do not entertain pro se pleadings when counsel is involved in a case, the constitutionality of a statute may be raised at any stage of the proceeding including raising the issue sua sponte by this Court." *Morse*, 593 N.E.2d at 197. This declaration by our supreme court, standing alone, could be reasonably interpreted to permit issues regarding the constitutionality of any statute, criminal or civil, to be raised at any time even if not first raised to the trial court. However, two years later in *Chidester v. Hobart*, our supreme court was confronted with challenges to the constitutionality of a civil statute (an annexation statute) on a subsequent appeal after a limited remand. 631 N.E.2d 908, 912–13 (Ind.1994). After noting that "Counsel for remonstrators now wish to raise various constitutional objections to the annexation" statute, the court stated: *"Counsel may not raise these issues for the first time on appeal,* much less for the first time on a subsequent appeal after a limited remand." *Id.* (emphasis supplied). Our supreme court then applied the general rule and determined that the remonstrators had waived each of their claims regarding the constitutionality of

the statute because they had not raised them to the trial court. *Id.* at 12.

 We interpret *Morse* and *Chidester* to mean that challenges to the constitutionality of a civil statute may be waived if they could have been raised to the trial court but the appellant failed to do so.[1] We note, however, that waiver is not a jurisdictional limitation on this court's power to consider and decide an issue presented. Thus, we will not hold that an appellant waived his or her right to appeal in situations where doing so would be fundamentally unjust, such as where the issue did not become ripe for review until after judgment was entered. *See Cheatham v. Pohle,* 764 N.E.2d 272 (Ind. Ct.App. 2002) (determining that a civil appellant had not waived her constitutional challenge to a punitive damages statute because the issue did not become ripe for review until after the damages award was entered). In this instance, Sarah had the opportunity to raise her constitutional claims to the trial court during summary judgment proceedings but failed to do so.

Thus, she has waived appellate review of these claims.[2]

Affirmed.

NAJAM, J., and MATTINGLY–MAY, J., concur.

---

1. Since our supreme court's decision in *Chidester,* this court has declined to entertain challenges to the constitutionality of civil statutes on appeal that were not first raised to the trial court. *See Monschein. v. LaLonde,* 701 N.E.2d 1275, 1277 (Ind.Ct.App.1998) (stating that: "a party may only obtain judicial review of issues that were properly raised to the trial court. This general rule also applies to the constitutionality of a statute."); *Matter of A.R.R.,* 634 N.E.2d 786, 791 (Ind.Ct.App. 1994) (determining that it may not consider a challenge to the constitutionality of the standard for modification of custody in Indiana's paternity statute because this issue was not presented to the trial court and "[q]uestions regarding the constitutionality of a statute must be raised in the trial court before the filing of the motion to correct errors"); *Hopster v. Burgeson,* 750 N.E.2d 841, 847–48 (Ind. Ct.App.2001) (observing that challenge to constitutionality of a medical malpractice

statute as applied to appellant would have been waived had it not been presented to the trial court).

2. We also note that our supreme court has upheld a prior version of the Guest Statute against federal and state constitutional challenges of denial of due process and equal protection of law. *See Sidle v. Majors,* 264 Ind. 206, 341 N.E.2d 763 (Ind.1976). The previous statute precluded any guest passenger, not just certain related passengers, from recovering damages for personal injuries sustained by the negligence of the vehicle owner or operator. *Id.* at 220, 341 N.E.2d at 772. Our supreme court upheld the constitutionality of that statute on the basis that it bore a fair and substantial relationship to the purposes of fostering hospitality and eliminating the possibility of collusive lawsuits. *Id.* at 210, 341 N.E.2d at 767.