**In re the Adoption of M.M.G.C., H.H.C., and K.E.A.C.**

No. 45A03–0209–CV–287.

Court of Appeals of Indiana.

March 18, 2003.

Debra Lynch Dubovich, Reva J. Hill, Levy & Dubovich, Highland, IN, Attorneys for Appellant Amber Crawford–Taylor.

## OPINION

BROOK, Chief Judge.

### Case Summary

Appellant-petitioner Amber Crawford–Taylor ("Amber") appeals the denial of her adoption petitions. We reverse and remand.

### Issue

Amber raises two issues for our review, one of which we find dispositive and restate as whether the trial court erred in denying her petitions to adopt M.M.G.C., H.H.C., and K.E.A.C. as a second parent.

### Facts and Procedural History

On April 30, 1999, Shannon Crawford–Taylor ("Shannon"), Amber's domestic partner, adopted H.H.C. and M.M.G.C., two Ethiopian children. On June 8, 1999, Shannon also adopted K.E.A.C., a Chinese child. Shannon adopted all three children in their respective countries through the international adoption process as a single parent.

On April 28, 2000, Shannon and Amber jointly filed three adoption petitions with the trial court, one for each of Shannon's adopted children. On November 7, 2000, the trial court denied the petitions and later clarified that foreign adoptions must be domesticated without modification.

On March 29, 2001, Shannon filed Petitions Requesting Comity and Full Faith and Credit in the Adoption of all three children. On March 30, 2001, Amber filed petitions to adopt all three children as a second parent.

On June 6, 2001, as required by Indiana Code Sections 31–19–7–1 and 31–19–7–3, the Lake County Division of Family and Children Services ("the DFC") submitted to the trial court a written summary for each of Amber's adoption petitions. The DFC endorsed all three adoptions. H.H.C.'s summary is representative of the group and provides in relevant part as follows:

> The petitioner and Ms Crawford have been companions in a single sex partnership for the past eight years, according to Ms Taylor, who identifies herself as multi-racial. The child, who speaks English fluently, is an above average 2nd grade student at Miller Elementary School. Her health is reported to be excellent and her development to be normal. The child's younger brother also lives in the home as does a two-year old Chinese girl, all are being adopted in this process. This appears to be a relaxed and comfortable household.
>
> . . . .
>
> The family lives in a four-bedroom bi-level home located in a well-maintained quiet residential neighborhood. Housekeeping standards are good and furnishings are appropriate. Each child has his/her own room that is well stocked with clothing and age-appropriate entertainments.

Appellant's App. at 24–25.

On June 7, 2001, pursuant to Indiana Code Section 31–19–9–1(a)(3), Shannon filed consents to Amber's adoption of all three children as a second parent. Shannon's consents provide in relevant part,

"The adoption of said child by Amber Crawford–Taylor shall be an adoption as a co-parent and shall not be deemed to and shall not affect my parental rights to said child." *Id.* at 19–21.

On June 12, 2001, the trial court entered orders domesticating Shannon's three international adoptions and took Amber's petitions under advisement. On July 9, 2002, the trial court denied Amber's petitions in an order reading in relevant part as follows:

> The next issue that the Court addresses is whether the petitioner, Amber Taylor, can adopt a child that has already been adopted through a foreign adoption decree. In order for Amber Taylor to adopt these three children, she must be a legal relative of Shannon Crawford. In order for the petitioner to become a parent to the three children in the Petition, the petitioner must be a legal relative of Shannon Crawford, and the only way to become a legal relative is to marry Shannon Crawford. Under I.C. 31–11–1–1 the parties must meet the gender requirements in order to be legally married in the State of Indiana. I.C. 31–11–1–1 states:
>
> > "(a) Only a female may marry a male. Only a male may marry a female.
> >
> > (b) A marriage between persons of the same gender is void in Indiana even if the marriage is lawful in the place where it is solemnized."
>
> Because the State of Indiana has a gender requirement under I.C. 31–11–1–1, the petitioner and Shannon Crawford cannot be legally married so the petitioner must be asking the Court to grant her petition for adoption of these children as a single parent.
>
> If the Court is to grant the petitioner's Motion for Adoption of the three children, the Court would have to terminate the parental rights of Shannon Crawford. This the Court believes is not the intent of the petitioner and Shannon Crawford. The intent of the party is to have the Court give the relationship between the petitioner and Shannon Crawford the status of a marriage which the Court would be doing if it granted the Petition to adopt the three children.

> **CONCLUSION**
>
> The Court finds that in order to grant the petitioner's request for adoption, the petitioner and the adoptive mother, Shannon Crawford, must be legally married.
>
> The two parties are not legally married thus this Court cannot grant the Petitions for Adoption of the three children. The Court finds that in order to grant these Petitions, the Court would have to terminate the parental rights of Shannon Crawford that were obtained through the foreign adoption proceedings.
>
> The petitioner's Motion for Adoption of [M.M.G.C.], [H.H.C.] and [K.E.A.C.] is therefore denied.

*Id.* at 12–13.

Amber now appeals.

### Discussion and Decision

 Amber contends that the trial court erred in denying her petitions to adopt the three children as a second parent. This is a question of first impression in Indiana. "On review, this court will not disturb a trial court's ruling in adoption proceedings unless the evidence would lead to but one conclusion and the trial judge reached the opposite conclusion." *C.H. v. E.W.*, 713 N.E.2d 873, 875 (Ind.Ct. App.1999). We owe no deference to the trial court's legal conclusions. *See Spears v. Brennan*, 745 N.E.2d 862, 869 (Ind.Ct. App.2001).

■ We first observe that Indiana law does not require that a petitioner for adoption be a legal relative of the child's adoptive parent. Indiana Code Section 31–19–2–2(a) requires only that a prospective adoptive parent be a resident of Indiana. Amber is a legal resident of Indiana. We further observe that Indiana law does not require that the rights of an adoptive parent with respect to the child be divested in the event of a second-parent adoption. *Cf.* Ind.Code § 31–19–15–1 (providing that an adoption divests all rights of a *biological* parent with respect to a child except in the case of a stepparent adoption). Shannon is not the biological parent of the children.[1] In short, the trial court's legal conclusions are not supported by statutory law.

While Indiana statutory law does not expressly divest the rights of an adoptive parent in the event of a second-parent adoption, neither does it expressly permit two unmarried adults to simultaneously exercise these rights with respect to an adopted child. Having determined that the adoption statutes do not specifically address the issue in this case, we must look to the common law.

■ The right of adoption was unknown at common law. *In Re Perry*, 83 Ind.App. 456, 464–65, 148 N.E. 163, 166 (1925). Our General Assembly has since enacted statutes permitting adoptions by married couples, stepparents, and single adults. With respect to these statutes, we have noted that the primary concern in every adoption proceeding is the best interest of the child. *B.G. v. H.S.*, 509 N.E.2d 214, 217 (Ind.Ct. App.1987). "The state has a strong interest in providing stable homes for children. To this end, early, permanent placement of children with adoptive families furthers the interests of both the child and the state." *Id.* A two-parent adoption enables a child to be raised in a stable, supportive, and nurturing environment and precludes the possibility of state wardship in the event of one parent's death. Such an adoption also legally entitles the child to both parents' employer-and/or government-sponsored health and disability insurance; education, housing, and nutrition assistance; and social security benefits. Undoubtedly, it would be in the best interest of the three children in the instant case to be entitled to the legal protections and advantages that a two-parent adoption provides.

■ "The strength and genius of the common law lies in its ability to adapt to the changing needs of the society it governs." *Brooks v. Robinson*, 259 Ind. 16, 22–23, 284 N.E.2d 794, 797 (1972). "We cannot close our eyes to the legal and social needs of our society, and this Court should not hesitate to alter, amend, or abrogate the common law when society's needs so dictate." *Sandy Ridge Oil Co. v. Centerre Bank Nat'l Assoc.*, 510 N.E.2d 667, 670 (Ind.1987). We note, however, that "such determinations should be consonant with the evolving body of public policy adopted by the General Assembly." *Bartrom v. Adjustment Bureau, Inc.*, 618 N.E.2d 1, 7 (Ind.1993). Consonant with our General Assembly's policy of providing stable homes for children through adoption, we conclude that Indiana's common law permits a second parent to adopt a child without divesting the rights of the first adoptive parent. Allowing a second parent to share legal responsibility for the

---

1. We do not reach the question of whether a second-parent adoption would divest all rights of a biological parent with respect to the child where the child's prospective adoptive parent and the child's biological parent are not married to each other. Neither do we reach the question of whether two unmarried adults may adopt a child by filing a joint petition for adoption.

financial, spiritual, educational, and emotional well-being of the child in a stable, supportive, and nurturing environment can only be in the best interest of that child. As with other adoptions, a trial court considering a petition for a second-parent adoption must comply with the dictates of Indiana Code Section 31–19–11–1 in finding, *inter alia*, that "the adoption requested is in the best interest of the child"; that the petitioner is "of sufficient ability to rear the child and furnish suitable support and education"; and that "proper consent, if consent is necessary, to the adoption has been given" before it may grant the petition. *See* Ind.Code § 31–19–11–1(a)(1), -(2), -(7).

In summary, then, we reverse the trial court's denial of Amber's petitions to adopt as a second parent and remand for further proceedings consistent with this opinion.

Reversed and remanded.

FRIEDLANDER and MATTINGLY–MAY, JJ., concur.