**Pursuant to Ind.Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.**



FILED

May 24 2013, 8:49 am

CLERK
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANT FATHER:

**TIMOTHY E. STUCKY**
Blume, Connelly, Jordan, Stucky
  & Lauer, LLP
Fort Wayne, Indiana

ATTORNEYS FOR APPELLANT MOTHER:

**HAROLD W. MYERS**
Fort Wayne, Indiana

**THOMAS C. ALLEN**
Fort Wayne, Indiana

ATTORNEY FOR APPELLEES:

**ANDREW M. GOEGLEIN**
Nieter & Goeglein
Fort Wayne, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

IN RE: THE PETITION FOR THE ) 
ADOPTION OF: R.J. and S.J. ) 
(Minor Children), R.J. and L.L., ) 
                           ) 
     Appellants-Respondents, ) 
                           ) 
            vs. )   No. 02A03-1209-AD-403
                           ) 
A.G. and B.G., ) 
                           ) 
     Appellees-Petitioners. ) 

APPEAL FROM THE ALLEN SUPERIOR COURT
The Honorable Charles F. Pratt, Judge
Cause No. 02D08-1109-AD-128
Cause No. 02D08-1109-AD-129

**May 24, 2013**

**MEMORANDUM DECISION - NOT FOR PUBLICATION**

**BAILEY, Judge**

## Case Summary

L.L. ("Mother") and R.J. ("Father") appeal an order, certified as a final judgment pursuant to Indiana Trial Rule 54(B), denying Mother's motion to withdraw her consent to the adoption of R.A.J. and S.A.J. ("the Children") and declaring Father's motion to contest the adoption untimely and his consent irrevocably implied. We affirm.

## Issues

Mother presents a single issue for review: whether she was entitled to an evidentiary hearing on her motion to withdraw consent.

Father presents three issues for review:

I.   Whether the trial court erred as a matter of law in determining that Indiana Code section 31-19-9-18 is a nonclaim statute;

II.  Whether the trial court's application of the thirty-day provision of the foregoing statute deprived Father of his rights under the Due Process Clause of the United States Constitution and the Due Course of Law Clause of the Indiana Constitution; and

III. Whether the trial court erred as a matter of law in determining that Father was subject to service pursuant to Indiana Code section 31-19-4.5-1.

## Facts and Procedural History

The Children are twins born to Mother in 2009. On March 29, 2011, Father established his paternity of the Children. He was at that time divorced from Mother and

2

living apart from her.

On September 19, 2011, A.G. and B.G.[1] ("Adoptive Parents") petitioned to adopt the Children. Attached to each petition was a waiver of notice and consent executed by Mother on July 28, 2011. The consent forms were signed before a notary public. Each included Mother's acknowledgment that she understood that signing a consent to adoption would result in the termination of her parental rights upon the entry of the adoption decree, she had not been promised money in exchange for her consent, her legal rights had been explained to her, she had been given time to consider whether adoption was in the best interests of herself and the Children, her consent could not be withdrawn absent a timely petition in court, and her consent was voluntarily given.

The petitions for adoption alleged that Father's consent was not required, pursuant to Indiana Code section 31-19-9-8, because he had abandoned the Children, failed to support them, failed to communicate significantly, or was unfit to be a parent and the Children's best interests would be served by dispensing with consent.[2]

---

[1] B.G. was at one time related to Mother by marriage. Allegedly, Mother placed the Children in B.G.'s physical care.

[2] Indiana Code section 31-19-9-8(a) provides in relevant part:
   Consent to adoption, which may be required under section 1 of this chapter, is not required from any of the following:
   (1)    A parent or parents if the child is adjudged to have been abandoned or deserted for at least six (6) months immediately preceding the date of the filing of the petition for adoption.
   (2)    A parent of a child in the custody of another person if for a period of at least one (1) year the parent:
      (A)    fails without justifiable cause to communicate significantly with the child when able to do so; or
      (B)    knowingly fails to provide for the care and support of the child when able to do so as required by law or judicial decree.

On October 5, 2011, Father was personally served with notice of the petitions for adoption. The notices contained the advisement:

> If [Father] seeks to contest the adoption of the child, [Father] must file a motion to contest the adoption in accordance with IC 31-19-10-1 in the above named court not later than thirty (30) days after the date of service of this notice.

(Appellee's App. 2.) On November 8, 2011, thirty-four days after service, Father filed a motion to contest the adoptions.

On November 9, 2011, the trial court conducted a hearing, at which both Mother and Father appeared. They advised the trial court that they had reconciled, executed a lease together, and proposed to regain custody of the Children. Nonetheless, Mother made no formal motion to withdraw her consents. The trial court awarded temporary custody of the Children to Adoptive Parents and declared that Father's consent to the adoptions was irrevocably implied. However, at the conclusion of the hearing, Father was appointed counsel.

On December 22, 2011, with the assistance of counsel, Father filed a second motion to contest the adoptions. On December 30, 2011, five months after signing adoption consents,

---

***
(11) A parent if:
    (A) a petitioner for adoption proves by clear and convincing evidence that the parent is unfit to be a parent; and
    (B) the best interests of the child sought to be adopted would be served if the court dispensed with the parent's consent.

The provisions of Indiana Code Section 31-19-9-8 are disjunctive; as such, either provides independent grounds for dispensing with parental consent. In re Adoption of T.W., 859 N.E.2d 1215, 1218 (Ind. Ct. App. 2006).

4

Mother filed a motion to withdraw them, alleging that she "did not understand the consequences of the signing of the Consent to adoption." (Mother's App. 31.)

On May 10, 2012, the trial court conducted a hearing, at which Mother and Father both appeared. Argument of counsel was heard and a single evidentiary exhibit from Mother was admitted into evidence. The trial court granted the parties thirty days to file briefs regarding the irrevocability of Father's implied consent. Father submitted a brief arguing that the equitable standard of Indiana Trial Rule 60(B) should apply because his motion to contest had been filed only a few days outside the thirty-day statutory time period and he had an alleged meritorious defense of non-abandonment.[3]

On July 11, 2012, the trial court entered an order denying Mother's motion to withdraw her consents to the adoptions and declaring that Father's motion to contest the adoptions was untimely and his consent had been irrevocably implied.

Mother requested that the trial court certify its order pursuant to Trial Rule 54(B). The trial court certified its July 11, 2012 order as a final judgment and this appeal proceeded pursuant to Indiana Appellate Rule 2(H)(2).

**Discussion and Decision**

I. Mother's Motion to Withdraw Consent

Indiana Code section 31-19-10-3(b)(1) provides that a consent to adoption may not be withdrawn later than thirty days after a consent to adoption is signed. Mother concedes that she did not timely file a motion to withdraw in compliance with this statute, but nonetheless

---

[3] Indiana Trial Rule 60(B) provides in relevant part that "[o]n motion and upon such terms as are just the court may relieve a party … from a judgment, including a judgment by default[.]"

asserts that she was erroneously deprived of an evidentiary hearing.

When we review a trial court's ruling in an adoption proceeding, we will not disturb that ruling unless the evidence leads to but one conclusion and the trial judge reached an opposite conclusion. In re Adoption of H.N.P.G., 878 N.E.2d 900, 903 (Ind. Ct. App. 2008), trans. denied. However, we owe no deference to the trial court's legal conclusions. In re Adoption of M.M.G.C., 785 N.E.2d 267, 269 (Ind. Ct. App. 2003).

The interpretation of a statute is a legal question that is reviewable de novo. Avemco Ins. Co. v. State ex rel. McCarty, 812 N.E.2d 108, 115 (Ind. Ct. App. 2004). The goal of statutory construction is to determine and implement legislative intent. Fort Wayne Patrolmen's Benev. Ass'n v. Fort Wayne, 903 N.E.2d 493, 497 (Ind. Ct. App. 2009), trans. denied.

The adoption statutes are to be strictly construed in favor of the rights of biological parents. In re Adoption of A.S., 912 N.E.2d 840, 848 (Ind. Ct. App. 2009), trans. denied. Yet we must remain mindful that "careful administration of the statute serves purposes beyond protecting the rights of natural parents to be with their children. It also serves to protect the children and to shield all involved parties from unnecessary instability and uncertainty." Adoptive Parents of M.L.V. v. Wilkens, 598 N.E.2d 1054, 1056 (Ind. 1992).

In Mother's appellate brief, she discusses a trial court's equitable discretion to grant relief from a judgment procured by intrinsic or extrinsic fraud and suggests that she is entitled to relief pursuant to Indiana Trial Rule 60(B)(3). However, she does not claim that she filed a Trial Rule 60(B)(3) motion or that she made any attempt to present evidence that a

6

judgment had been procured by fraud.

Mother's attempt to allege fraud for the first time on appeal (albeit without specific averments of fraud) is in essence an attempt to circumvent the statutory framework for withdrawal of consent to adoption. The statutory language unequivocally provides that consent may not be withdrawn after the relevant thirty-day time period. Mother failed to timely file a motion to withdraw her consent; she has not demonstrated that the trial court erroneously denied her an evidentiary hearing to which she was entitled.

## II. Father's Motion to Contest the Adoptions

### Determination that Indiana Code Section 31-19-9-18 is a Nonclaim Statute

Indiana Code section 31-19-9-19 provides that a person whose consent to adoption is irrevocably implied may not contest either the adoption or the validity of the person's implied consent to the adoption. The trial court found that Father's consent to the adoptions had been irrevocably implied, relying upon Indiana Code section 31-19-9-18(a)(1), which provides:

> The consent of a person who is served with notice under IC 31-19-4.5 to adoption is irrevocably implied without further court action if the person fails to file a motion to contest the adoption as required under IC 31-19-10 not later than thirty (30) days after service of notice under IC 31-19-4.5[.]

The trial court construed the statute as a nonclaim statute not subject to equitable discretion on the part of the trial court to waive or toll the thirty-day time period. In support of this construction, the trial court relied upon In re Paternity of M.G.S., 756 N.E.2d 990 (Ind. Ct. App. 2001), trans. denied, wherein Indiana Code section 31-19-9-15 (providing that putative father's consent is irrevocably implied unless a paternity action is filed within thirty days of receipt of notice of a potential adoption) had been construed as a nonclaim statute.

7

The M.G.S. Court explained the nature of a nonclaim statute:

> [W]hile an ordinary statute of limitations may be waived and is subject to equitable tolling, a nonclaim statute is not. Burnett v. Villaneuve, 685 N.E.2d 1103, 1107 (Ind. Ct. App. 1997). "A nonclaim statute is one which creates a right of action and has inherent in it the denial of a right of action. It imposes a condition precedent – the time element which is part of the action itself." Wawrinchak v. United States Steel Corp., 148 Ind. App. 444, 267 N.E.2d 395, 399 (1971). While nonclaim statutes limit the time in which a claim may be filed or an action brought, they have nothing in common and are not to be confused with general statutes of limitation. Donnella v. Crady, 135 Ind.App. 60, 63, 185 N.E.2d 623, 624 (1962), trans. denied. "The former creates a right of action if commenced within the time prescribed by the statute, whereas the latter creates a defense to an action brought after the expiration of the time allowed by law for the bringing of such an action." Id.
>
> Thus, a statute is a nonclaim statute when "there is clearly evidenced a legislative intent in [the] statute to not merely withhold the remedy, but to take away the right of recovery where a claimant fails to present his claim as provided in the statute." Rising Sun State Bank v. Fessler, 400 N.E.2d 1164, 1166 (Ind. Ct. App. 1980). While equitable principles may extend the time for commencing an action under statutes of limitations, nonclaim statutes impose a condition precedent to the enforcement of a right of action and are not subject to equitable exceptions. See id.

756 N.E.2d at 997. The M.G.S. Court concluded that the "plain language" of section 31-19-9-15 indicated it to be a nonclaim statute because it clearly stated that a putative father forgoes his right to establish paternity upon failure to file his paternity action within thirty days of receiving notice of the potential adoption. Id. at 998. Additional support was found in the language of the pre-birth notice and intervention provisions. Id. at 999. Ultimately, the Court found it "apparent that no right of action exists outside of the thirty-day statutory time limit." Id.

Father observes that M.G.S. involved a putative father and, by contrast, he is an adjudicated father "seeking to prevent the termination of his parental rights." (Father's Br. at

8

11.) According to Father, the Legislature could not have intended, in cases where a parent has established paternity, to extinguish parental rights except upon proof of parental unfitness by clear and convincing evidence.

We acknowledge that Father obtained a right of constitutional dimension when he established paternity. See Bester v. Lake Cnty. Office of Family & Children, 839 N.E.2d 143, 147 (Ind. 2005). However, the plain language of sections 31-19-10-1, 31-19-9-18 and 31-19-9-19 contradicts Father's assertion that parental rights may not be extinguished except upon proof of parental unfitness in an adversarial proceeding. Our adoption code permits the voluntary relinquishment of parental rights. Father develops no argument as to how the language of those statutes substantially differs from the language examined in M.G.S., such that we might recognize the availability of equitable tolling.

Indiana Code section 31-19-10-1(a)-(b) provides in relevant part:

(a) [O]nly a person entitled to notice of adoption under IC 31-19-4 or IC 31-19-4.5 may contest an adoption.

(b) A person contesting an adoption must file a motion to contest the adoption with the court not later than thirty (30) days after service of notice of the pending adoption.

Indiana Code section 31-19-9-19 provides that one whose consent to adoption is irrevocably implied "may not contest" the adoption or the validity of the implied consent. Indiana Code section 31-19-9-18 describes the process by which consent is irrevocably implied, that is, "the person fails to file a motion to contest the adoption as required under IC 31-19-10 not later than thirty (30) days after service of notice." The language selected by the Legislature

9

plainly provides that a parent served notice under section 31-19-4.5 foregoes the right to contest an adoption if a motion to contest is not filed within thirty days after service.

The construction of section 31-19-9-18 as a nonclaim statute is consistent with the objective of "avoiding unnecessary instability and uncertainty" in adoption proceedings. M.L.V., 598 N.E.2d at 1056. Father has failed to show that the trial court erred in this regard.

Alleged Deprivation of Rights under Due Process and Due Course of Law Clauses

Father alleges he was deprived of a hearing in contravention of the Due Process Clause of the Fourteenth Amendment and the Due Course of Law Clause of the Indiana Constitution. The Due Process Clause of the Fourteenth Amendment provides: "No State shall … deprive any person of life, liberty, or property, without due process of law[.]" U.S. Const. amend. XIV, § 1. The Due Course of Law Clause of the Indiana Constitution provides: "All courts shall be open; and every person, for injury done to him in his person, property, or reputation, shall have remedy by due course of law. Justice shall be administered freely, and without purchase; completely, and without denial; speedily, and without delay." Ind. Const. art. I, § 12.

These clauses prohibit state action which deprives a person of life, liberty, or property without the "process" or "course of law" that is due, that is, a fair proceeding. Ind. High Sch. Ath. Ass'n v. Carlberg, 694 N.E.2d 222, 241 (Ind. 1997). Predicate to any analysis of whether the process provided was fair is a determination that the claimant had a protectable interest – life, liberty, or property – at stake. Id. There is no dispute that Father had a

10

protectable interest; the relevant inquiry is thus whether he was denied procedural due process. An essential principle of due process is that a deprivation of a protectable interest must be preceded by notice and opportunity for hearing appropriate to the nature of the case. Id.

Father complains that he was not provided the opportunity to contest false allegations of abandonment in the notice of adoption. However, had Father timely filed his motion to contest the adoptions, he would have been afforded the opportunity to litigate the merits of Adoptive Parents' allegations of paternal abandonment or unfitness. It was the absence of a timely motion – as opposed to State action – that foreclosed Father's presentation of evidence in an adversarial hearing. Father was afforded the procedural process due him according to the relevant statutes.

Nonetheless, Father strenuously asserts that his parental rights are of such significance that they "merit constitutional protection that will supersede state law." Father's Brief at 14. As best we can discern Father's argument, he contends that a parent whose rights will be extinguished is absolutely entitled to a hearing in all circumstances, and a statutory scheme failing to provide such cannot pass constitutional muster.

To the extent that Father alleges facial invalidity of all or a portion of the adoption code, we observe that he did not present such allegations at the trial court level nor did he notify the Indiana Attorney General of a constitutional challenge.[4] Challenges to the

---

[4] Indiana Code section 34-14-1-11 provides for notice to and intervention by the Indiana Attorney General where "a statute, ordinance, or franchise is alleged to be unconstitutional."

constitutionality of a civil statute may be waived if they could have been raised to the trial court but the appellant failed to do so. <u>Duncan v. Duncan</u>, 764 N.E.2d 763, 769 (Ind. Ct. App. 2002), <u>trans. denied</u>. However, if an issue did not become ripe for review until after judgment was entered, we can address the issue to avoid fundamental injustice. <u>Id.</u> As a general rule, questions regarding the constitutionality of a statute must be raised in the trial court. <u>Id.</u> at 769, n.1. Here, Father had the opportunity to raise a constitutional challenge to the trial court during the hearings but failed to do so. Thus, he has waived any claim of facial invalidity.

Service Pursuant to Indiana Code Section 31-19-4.5

Father claims that, effectively, his parental rights have been terminated "from a mere allegation." (Father's Br. at 20.) According to Father, Adoptive Parents should be required to "designate sufficient evidence and exhibits to establish a prima facie case showing abandonment, failure to support, or failure to communicate by Father." (Father's Br. at 20.) As best we can discern Father's final argument, he contends that he was not a proper candidate for service of notice pursuant to Indiana Code section 31-19-4.5 because he was not in fact a parent who had abandoned his children,[5] and that prospective adoptive parents should be required to offer an evidentiary predicate for service under that statutory provision.

To the extent that Father claims a proper statutory interpretation would require a factual hearing before service of notice under Indiana Code section 31-19-4.5, he cannot prevail. The statutory language includes no such requirement for a predicate hearing and we

---

[5] Indiana Code Section 31-19-4.5-1(2) provides: "This chapter: applies to a father who has abandoned, failed to support, or failed to communicate with a child."

12

will not read into a statute "that which is not the manifest intent of the legislature." <u>Cox v. Cantrell</u>, 866 N.E.2d 798, 809 (Ind. Ct. App. 2007), <u>trans. denied</u>. To the extent that Father suggests the statutory scheme is constitutionally infirm because it allows deprivation of parental rights upon unsubstantiated allegations, he failed to present his constitutional challenge in the trial court and it is waived.

Father has demonstrated no error in the trial court's recognition that service was achieved pursuant to Indiana Code section 31-19-4.5.

## Conclusion

Mother was not entitled to an evidentiary hearing upon the filing of her untimely motion to withdraw her consents to the adoptions. Father has not established that the trial court erred in statutory construction, nor has he demonstrated that he was entitled to contest the adoptions outside the thirty-day statutory provision. He has waived his claim of constitutional error.

Affirmed.

NAJAM, J., and BARNES, J., concur.