Allen COLLEY and Betty Colley,
Appellants–Plaintiffs,

v.

INDIANA FARMERS MUTUAL
INSURANCE GROUP,
Appellee–Defendant.

No. 46A03–9609–CV–350.

Court of Appeals of Indiana.

Feb. 19, 1998.

Robert W. Mysliwiec, Edward P. Benchik, Jones, Obenchain, Ford, Pankow, Lewis & Woods, South Bend, for Appellants–Plaintiffs.

Charles T. Jennings, Stephen C. Wheeler, Jennings Taylor Wheeler & Bouwkamp, P.C., Carmel, for Appellee–Defendant.

## OPINION

STATON, Judge.

Allen and Betty Colley appeal the entry of summary judgment in favor of Indiana Farmers Mutual Insurance Group on the Colleys' complaint of bad faith in Indiana Farmers' handling of the Colleys' insurance claim. On August 22, 1989, the Colleys' house was destroyed by an explosion and fire. Indiana Farmers denied the Colleys' claim for insurance, concluding that the explosion was an act of arson committed by the Colleys.[1] The Colleys contend that Indiana Farmers handled their insurance claim in bad faith by concealing its arson investigation while misleading the Colleys into believing that it intended to honor the insurance policy. The Colleys contend Indiana Farmers' deception cost them the chance to gather evidence before the evidence was destroyed. The Colleys present two issues on appeal:

I.   Whether the trial court erred in granting Indiana Farmers summary judgment on the issue of bad faith handling of the insurance claim.

II.  Whether the trial court erred in refusing to strike an affidavit submitted by Indiana Farmers and whether the Colleys are entitled to attorney fees

due to the bad faith submission of this affidavit.

We affirm.

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Indiana Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. *Beiger Heritage Corp. v. Kilbey*, 676 N.E.2d 784, 785 (Ind.Ct.App. 1997). At the time of filing the motion for summary judgment, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny*, 627 N.E.2d 1362, 1363 (Ind.Ct.App.1994), *reh. denied, trans. denied.* We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

### I.

### Bad Faith

■ Relying on *Erie Ins. Co. v. Hickman*, 622 N.E.2d 515, 519 (Ind.1993), the Colleys contend that Indiana Farmers handled their insurance claim in bad faith by concealing its arson investigation.[2] The Colleys contend that they lost the opportunity to collect evidence themselves, because evidence was lost or tampered with by the time they

---

1. Indiana Farmers also has other, alternative bases for denying the Colleys' insurance claim that are not relevant to this appeal.

2. The Colleys style their action as a claim for punitive damages due to bad faith in the claims handling process. However, "even if the jury determines that the insurer committed a tortious breach of its duty to exercise good faith, the right of the insured to punitive damages is not automatic. Punitive damages may be awarded only if there is clear and convincing evidence that the insurer acted with malice, fraud, gross negligence, or oppressiveness which was not the re-

sult of mistake or other human failing." *Johnston v. State Farm Mut., Auto. Ins.*, 667 N.E.2d 802, 805 (Ind.Ct.App.1996), *trans. denied* (quoting *Nelson v. Jimison*, 634 N.E.2d 509, 512 (Ind. Ct.App.1994)). The initial inquiry is whether a tort has been committed; only after it is determined that a tort has been committed is the question of punitive damages broached. Accordingly, we address the Colleys' appeal as directed to the threshold question of whether summary judgment was properly granted on their tort action for breach of the duty of good faith in the claims handling process.

realized their property loss was being investigated as a possible arson.

■ However, more than Indiana Farmers' failing to inform the Colleys of its investigation is needed to establish bad faith. Poor judgment or negligence do not amount to bad faith; the additional element of conscious wrongdoing must also be present. *Johnston v. State Farm Mut. Auto. Ins.*, 667 N.E.2d 802, 805 (Ind.Ct.App.1996), *trans. denied.* A finding of bad faith requires evidence of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will. *Id.* A bad faith determination inherently includes an element of culpability. *Id.* As an example of the additional evidence needed, the Indiana Supreme Court noted that "the lack of a diligent investigation alone is not sufficient to support an award. On the other hand, for example, an insurer which denies liability knowing that there is no rational, principled basis for doing so has breached its duty." *Erie*, 622 N.E.2d at 520. Thus, to prevail the Colleys must demonstrate not only that some critical communication never occurred, but also that Indiana Farmers had a culpable mental state in failing to inform the Colleys of its arson investigation.

Indiana Farmers addressed the issue of culpability through the interrogatory response of its employee Glenn Hollins. In an interrogatory answer Hollins stated that an investigator hired by Indiana Farmers, Mike Davis, orally communicated to Mr. Colley that Indiana Farmers was investigating the explosion as an arson. Record at 416. Hollins further stated that Mr. Davis conveyed this to Mr. Colley on August 29, 1989, seven days after the explosion. Record at 416. Indiana Farmers rely exclusively on Hollins'

interrogatory responses to establish this information; no affidavit from Mr. Davis was presented.

■ The admissibility of Hollins' interrogatory answers is contested because the answers were not based on personal knowledge, but rather were drawn from Hollins' review of Indiana Farmers' case file. Record at 417. Generally, Hollins' interrogatory response would be excluded from consideration in a motion for summary judgment because it is not based on personal knowledge and therefore cannot establish that the asserted communication took place. *Johnston*, 667 N.E.2d at 804. If used for the purpose of establishing the truth of the matter asserted the statement would be inadmissable hearsay, and only evidence which could be admitted at trial can be considered by the court in reaching a summary judgment determination. *Id; Oak Hill Cemetery v. First National Bank*, 553 N.E.2d 1249,1252 (Ind.Ct.App.1990), *trans. denied.* However, the statement is admissible as a statement of Indiana Farmers' state of mind as understood from its case file. *Whitaker v. St. Joseph's Hospital*, 415 N.E.2d 737, 743 (Ind.Ct.App.1981), *reh. denied.* The testimony shows that Indiana Farmers believed that the Colleys had been informed of the arson investigation, thus negating the element of a culpable mental state essential to the Colleys' bad faith claim.[3]

## II.

### *Affidavit and Attorney Fees*

■ The Colleys argue that an affidavit given by Glenn Hollins should have been stricken by the court because Hollins did not have personal knowledge of the subject mat-

---

3. Indiana Farmers also offered a quote of Mr. Colley stating that he received a letter notifying him of Indiana Farmers' arson investigation as a rebuttal to the factual component of the Colleys' claim. Indiana Farmers presented the quote in both its brief to the trial court and in its appellate brief. However, this statement does not appear in the record. In its appellate brief Indiana Farmers gives a citation to the record for the quote, but that page of the record is only Indiana Farmers' trial court brief containing the same quote. Appellee's brief at 23; Record at 505. In its trial court brief, Indiana Farmers gave the citation: "A copy of Mr. Colley's Examination

Under Oath [taken on November 1, 1989] was previously filed with the Court." Record at 505. However, the quote does not appear in the record. The court cannot rely on statements of fact set out in a brief. *Conard v. Waugh*, 474 N.E.2d 130, 134 (Ind.Ct.App.1985). The court can only rely on pleadings, depositions, answers to interrogatories, admissions on file, matters of judicial notice, affidavits, and testimony to establish a fact. *Conard*, 474 N.E.2d at 133. As there is no source for this quote upon which the court can rely, it cannot be considered for purposes of summary judgment.

ter of his testimony. Instead, Hollins drew upon a review of Indiana Farmers' files for his affidavit testimony just as his interrogatory answers had been based on a review of files. Additionally, the Colleys contend that Hollins' affidavit must have been submitted in bad faith because Hollins' testimony was so obviously outside the scope of his personal knowledge. The Colleys seek attorney fees pursuant to Trial Rule 56(G).

Hollins' affidavit is admissible because it shows Indiana Farmers' state of mind in denying the Colleys' insurance claim which goes to the question of bad faith in the denial. *Whitaker*, 415 N.E.2d at 743. Therefore the affidavit served a legitimate purpose, and we cannot conclude that the affidavit was submitted in bad faith, or that it was error for the trial court to decline striking the affidavit. The request for attorney fees is denied.

Affirmed.

SHARPNACK, C.J., and HOFFMAN, J., concur.