David **DORSETT** and Cara Dorsett, Appellants–Plaintiffs,

v.

**R.L. CARTER, INC.,** Roy L. **Wade,** and State of Indiana, Appellees– Defendants.

No. 55A02–9805–CV–455.

Court of Appeals of Indiana.

Dec. 16, 1998.

Thomas R. Ruge, Megan J. Kight, Lewis & Kappes, P.C., Indianapolis, for Appellants–Plaintiffs.

Robert G. Zeigler, Joseph D. McPike, II, Zeigler Carter Cohen & Koch, Indianapolis, for Appellees–Defendants.

**OPINION**

STATON, Judge.

David Dorsett appeals the trial court's entry of summary judgment in favor of R.L. Carter, Inc. ("Carter") and Roy L. Wade. Dorsett raises one issue on appeal, which we restate as: whether the trial court erred by entering summary judgment in favor of Carter and Wade.

We reverse and remand.

Dorsett was injured when the vehicle he was driving collided with a tractor-trailer owned by Carter and driven by Wade. The collision occurred in the curve of a state highway. Dorsett does not remember the collision, but he hired an expert to reconstruct the accident. The expert expressed an opinion that the tractor-trailer crossed the center line.

Dorsett brought a negligence action against Carter, Wade, and the State of Indiana. Thereafter, Carter and Wade moved for summary judgment. The trial court granted their motion; this appeal ensued.

Summary judgment is appropriate only when there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. Ind. Trial Rule 56(C). The burden is on the moving party to prove there are no genuine issues of material fact and he is entitled to judgment as a matter of law. Once the movant has sustained this burden, the opponent must respond by setting forth specific facts showing a genuine issue for trial; he may not simply rest on the allegations of his pleadings. *Stephenson v. Ledbetter*, 596 N.E.2d 1369, 1371 (Ind.1992). At the time of filing the motion or response, a party shall designate to the court all parts of pleadings, depositions, answers to interrogatories, admissions, matters of judicial notice, and any other matters on which it relies for purposes of the motion. T.R. 56(C).

When reviewing an entry of summary judgment, we stand in the shoes of the trial court. We do not weigh the evidence but will consider the facts in the light most favorable to the nonmoving party. *Reed v. Luzny*, 627 N.E.2d 1362, 1363 (Ind.Ct.App.1994), *reh. denied, trans. denied*. We may sustain a summary judgment upon any theory supported by the designated materials. T.R. 56(C).

Dorsett contends that summary judgment was improper because his designated evidence establishes the existence of a genuine issue of material fact regarding whether the tractor-trailer crossed the center line. Dorsett cites two pieces of evidence in support of his argument—photographs of the accident scene and an expert opinion. With respect to the photographs, we are unable to locate them in the record. Dorsett does not cite their location, and although we have found the affidavit to which they are allegedly attached, we cannot find the photographs. Matters outside the record cannot be considered by the court on appeal. *Zapffe v. Srbeny*, 587 N.E.2d 177, 180 (Ind.Ct.App.1992), *reh. denied, trans. denied*. Therefore, we consider only whether the expert opinion was sufficient to raise a genuine issue of material fact.

The designated evidence reveals that Dorsett hired Michael Walters, a Hamilton County Deputy Sheriff with training in accident reconstruction, to review the accident. Walters reviewed the police report and photographs of the accident scene. Walters also visited the site of the accident, where he took measurements of the road and observed traffic traveling along the road. During his observation, Walters saw tractor-trailers cross the center line of the road while negotiating the highway curve. Walters drew a diagram of the scene. He also observed a gouge mark in the center of the road and noted that the number two axle of Carter's tractor-trailer was damaged. Walters opined in his report to Dorsett's attorney that the gouge mark and the damaged axle provided proof that the tractor-trailer was "further over" on its portion of the road than Dorsett's vehicle. Record at 407. Too, Walters rendered the following opinion during his deposition: "It is my opinion on this particular accident, due to the road width and my personal observation of three tractor-trailers going down that road at the time that I visited the scene, that that [sic] tractor-trailer crossed the center line more than [Dorsett's] vehicle." Record at 358.

■ Walters' opinion, if admissible at trial, establishes a genuine issue of material fact. The opinion provides evidence that would help prove that Carter and Wade breached a duty of care owed to Dorsett and proximately caused Dorsett's injuries. Carter and Wade argue, and the trial court agreed, that Walters' opinion would be inadmissible. The trial court may consider only evidence that can be admitted at trial in reaching a summary judgment determination. *See Colley v. Indiana Farmers. Mut. Ins. Group*, 691 N.E.2d 1259, 1261 (Ind.Ct.App.1998), *trans. denied*.

Carter and Wade contend that Walters' opinion lacks sufficient factual foundation to be admissible. Referring to portions of Walters' deposition, Carter and Wade observe that Walters was unable to adequately explain how he reached his conclusion that the tractor-trailer crossed the center line.

Among other things, Carter and Wade note that Walters could not explain why the damage to the tractor-trailer's axle supported his opinion and that Walters could not indicate where the tractor-trailer crossed the center line.

The admissibility of expert opinions is governed by the Indiana Rules of Evidence. Ind. Evidence Rule 702 provides:

(a) If scientific, technical, or other specialized knowledge will assist the trier of fact to understand the evidence or to determine a fact in issue, a witness qualified as an expert by knowledge, skill, experience, training, or education, may testify thereto in the form of an opinion or otherwise.

(b) Expert scientific testimony is admissible only if the court is satisfied that the scientific principles upon which the expert testimony rests are reliable.

A commentator on Ind. Evidence Rule 702 has stated that expert testimony, in order to be admissible, must satisfy at least three requirements:

(1) the witness must have sufficient qualifications to testify under Rule 702(a); (2) the topic of the testimony must be such as to assist the trier of fact in understanding the evidence or in determining a fact in issue; and (3) the court must be satisfied that the testimony rests on reliable scientific principles.

3 Robert Lowell Miller, Jr., Indiana Practice, Indiana Evidence 392 (1995) (footnotes omitted). Here, Carter and Wade do not contend that Walters is unqualified to render an expert opinion, nor do they suggest that accident reconstruction testimony could not assist the trier of fact. Too, Carter and Wade do not challenge the scientific principles underlying accident reconstruction. Rather, Carter and Wade argue that Walters' opinion in this particular case is completely unsupported by reasoning and fact, as demonstrated by his inability to adequately explain how he arrived at his opinion.

However, Ind. Evidence Rule 705 provides: "The expert may testify in terms of opinion or inference and give reasons therefor without first testifying to the underlying facts or data, unless the court requires otherwise. The expert may in any event be required to disclose the underlying facts or data on cross-examination." Pursuant to this rule, the admissibility of expert testimony does not hinge on the expert's disclosure of the facts and reasoning that support his opinion. The lack of facts and reasoning, which may be brought out on cross-examination of the expert, goes to the weight to be given the expert's opinion, not its admissibility.

We recently addressed a case with analogous facts in *Scott v. City of Seymour,* 659 N.E.2d 585 (Ind.Ct.App.1995). The plaintiff in Scott tripped and was injured when she stepped in a hole in a Seymour street. Scott sued the city for negligence in failing to repair the street. The city moved for summary judgment, and in response, Scott submitted an affidavit by a safety engineer who gave his opinion that low-cost methods existed for patching street holes such as the one in which Scott fell. The city argued that this opinion was conclusory since the affidavit did not indicate that the expert had ever observed the area in which Scott fell and because it contained no explanation of the purported low cost methods of repair. Because the affidavit was "conclusory," the city argued that the expert's opinion did not raise a genuine issue of material fact.

On appeal, we held that the expert's opinion was not without foundation. *Id.* at 592. The expert based his opinion on deposition testimony of the city's witnesses describing the area, photographs of the area, and his own education and experience. Finally, we observed: "To the extent that [the expert's] statement was conclusory, any lack of detail in the affidavit goes to the weight and credibility of the affidavit and not to whether it is adequate to create a genuine issue." *Id.* at 592–93.

Like the city in *Scott,* Carter and Wade argue that Walters' opinion is conclusory because it is not based upon an adequate review of the evidence. However, as we held in *Scott,* such concerns go to the weight to be afforded Walters' testimony by the trier of fact, not its admissibility. Therefore, we hold that Walters' opinion regarding whether the tractor-trailer crossed the center line is admissible, and this evidence is sufficient to raise a genuine issue of material fact regarding whether Carter and Wade

breached a duty and proximately caused Dorsett's injuries.

Reversed and remanded.

KIRSCH and ROBB, JJ., concur.