

**FILED**

Aug 24 2015, 9:02 am

*Kevin S. Smith*

**CLERK**
of the supreme court,
court of appeals and
tax court

ATTORNEY FOR APPELLANTS

Sheila M. Sullivan
Flynn & Sullivan, PC
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE STATE
FARM INSURANCE COMPANY

Dennis F. Cantrell
Anna M. Mallon
Cantrell Strenski & Mehringer LLP
Indianapolis, Indiana

ATTORNEYS FOR APPELLEE
INDIANA RESTORATION &
CLEANING SERVICES, INC.

Alexander P. Pinegar
Leslie M. Damer
Eric M. Douthit
Church Church Hittle & Antrim
Noblesville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

| | |
|---|---|
| Thomas Missler and Allison Missler, <br><br> *Appellants-Plaintiffs,* <br><br> v. <br><br> State Farm Insurance Company and Indiana Restoration & Cleaning Services, Inc., <br><br> *Appellees-Defendants.* | August 24, 2015 <br><br> Court of Appeals Case No. 29A05-1501-PL-30 <br><br> Appeal from the Hamilton Superior Court <br><br> The Honorable Gail Bardach, Judge <br><br> Cause No. 29D06-1306-PL-5174 |

**Kirsch, Judge.**

[1] Thomas Missler ("Thomas") and Allison Missler ("Allison") (together, "the Misslers") appeal the trial court's order granting summary judgment in favor of State Farm Insurance Company ("State Farm") and Indiana Restoration & Cleaning Services, Inc. ("IRCS"). The Misslers raise the following restated issues for our review:

> I. Whether the trial court erred in granting summary judgment in favor of State Farm because a genuine issue of material fact exists as to whether State Farm breached its duty of good faith and fair dealing in its relationship with the Misslers; and
>
> II. Whether the trial court erred in granting summary judgment in favor of IRCS because a genuine issue of material fact exists as to whether the contract between IRCS and the Misslers was unconscionable.

[2] We affirm in part, reverse in part, and remand.

## Facts and Procedural History

[3] On June 1, 2011, a fire occurred at the Misslers' home that destroyed the family home, located in Carmel, Indiana, and much of their personal property. State Farm insured the Misslers' home and personal property under a Homeowner's Policy ("the Policy") that provided dwelling coverage limits of $254,016.00, personal property coverage limits of $190,512.00, and additional living expenses. As to personal property, the Policy covered the cost to repair or replace personal property damaged from the fire.

[4] While the fire department was still attending to the fire, the Misslers called their State Farm insurance agent, Theresa Chapman ("Chapman"), and she came to the house. Chapman contacted IRCS, and employees of IRCS arrived shortly

thereafter. One of the employees, Kristin Kendall ("Kendall"), who, at the time, Allison believed was a State Farm agent, met with the Misslers and discussed the cleaning and restoration services that IRCS could perform on their personal property. Kendall presented the Misslers with a contract for the services of IRCS, and the Misslers asked if they could have time to review the contract. Kendall told the Misslers that they needed to sign the contract immediately and have IRCS begin removing property immediately so that mold would not set in within three days and void the Policy. The Misslers asked Chapman for her input, and she told them she was not allowed to recommend a specific restoration and cleaning company. However, Chapman did point out that IRCS was present at the scene, that IRCS was a preferred provider for State Farm, and that IRCS would be easy to use. At that time, the Misslers gave IRCS verbal consent to start work, and IRCS employees began carrying away boxes of the Misslers' property that night.

[5] On June 2, 2011, the day after the fire, State Farm Claim Representative RJ Van Noy ("Van Noy") met with the Misslers, who told Van Noy that they were meeting with IRCS. Van Noy explained that IRCS was a member of the State Farm Premier Service Program ("PSP")[1] for dwelling repairs. State Farm only provides the PSP for dwelling repairs, but has no PSP contractors for personal

---

[1] State Farm's Premier Service Program ("PSP") is a voluntary program in which an insured can choose a contractor from a list of participating contractors provided by State Farm. If the insured does not have a preference as to which contractor to use, State Farm will provide a contractor based on rotation. State Farm does not dictate or control how a contractor is to conduct the repairs under the PSP. Contractors who participate in the PSP guarantee their workmanship. State Farm does not guarantee the workmanship.

property restoration. When Van Noy met with the Misslers, he explained all of the coverages under the Policy and explained the PSP. He also presented the Misslers with two letters, one explaining the building, personal property, and loss of use coverages, the second confirming that the Misslers were participating in the PSP as Van Noy was under the impression that the Misslers had chosen to use PSP for their dwelling repairs.

[6] On June 3, 2011, the Misslers signed a contract with IRCS for personal property restoration and repairs. Pursuant to the contract, the contract price for IRCS's services was undetermined at the time the contract was signed. The contract stated that the client "agrees to add [IRCS] as a joint payee on all insurance reimbursement checks for the Work" and that the client "transfers and assigns to [IRCS] all of the Client's right, title, and interest in and to" the reimbursement checks. *Appellants' App*. at 54. It further stated, "Client understands and agrees that failure to transfer and/or negotiate the Reimbursement Checks to [IRCS] may subject Client to various legal claims, including but not limited to conversion." *Id*. The contract warranted that IRCS's services would be performed in accordance with industry standards and assigned all manufacturers' warranties to the Misslers. The contract also disclaimed all other warranties and contained the following language:

> GIVEN THE NATURE OF THE DAMAGE TO THE PERSONAL PROPERTY, [IRCS] CANNOT WARRANT THAT ANY PARTICULAR ITEM OF PERSONAL PROPERTY WILL BE REPAIRED OR RESTORED TO ITS PRE-DAMAGE CONDITION. [IRCS] and Client agree that [IRCS] shall not be liable for any damages arising from any pre-existing condition or

> impossibility or repair of the Personal Property. If for any reason
> Client refuses to pay to [IRCS] any funds owed on this project, all
> warranties expressed, written or implied shall be null and void.

*Id*. at 55.

[7] The Misslers signed another contract with IRCS on June 3, 2011 that authorized IRCS to remove restorable property from the Misslers' home. This agreement also authorized State Farm to make direct payment to IRCS for the restoration and cleaning services or to include IRCS on checks issued by State Farm to the Misslers. On June 6, 2011, the Misslers entered into an agreement with IRCS that authorized IRCS to dispose of personal property damaged in the fire. IRCS then proceeded to clean and restore the Misslers' personal property. These services included: evaluating the personal property that could be cost-effectively restored while at the site of the fire; packing these items and transporting them to an IRCS facility for restoration; cleaning and deodorizing the Misslers' personal property; and storing the personal property at an IRCS facility.

[8] Around June 10, 2011, Van Noy spoke with Thomas, who expressed that State Farm was making the process as easy as possible for the Misslers. However, during the course of the claim, the Misslers had issues with whether some of their personal property was properly cleaned by IRCS. Van Noy worked with the Misslers and IRCS to attempt to resolve the issues. IRCS performed additional cleaning and repair services on the property that the Misslers deemed inadequately cleaned. Van Noy met with the Misslers and representatives from a dry cleaning company used by IRCS and confirmed that some items still

smelled of smoke and some items were altered or shrunk, so the dry cleaning representative listed such items as non-salvageable.

[9] State Farm paid a total of $471,106.34 on the Misslers' claim, including $230,542.07 under dwelling coverage, $192,280.00 under personal property coverage, and $46,284.27 under loss of use coverage. State Farm made payments totaling $19,006.64 for the cleaning and restoration of personal property items to the Misslers and IRCS jointly. Although the Misslers were not satisfied with the cleaning of some of their personal property, they endorsed the State Farm check over to IRCS due to the contract provision threatening liability for conversion if they did not do so.

[10] On June 4, 2013, the Misslers filed a complaint against State Farm and IRCS. The complaint alleged claims for breach of contract and breach of good faith and fair dealing against State Farm and alleged unjust enrichment and unconscionable contract against IRCS. Both State Farm and IRCS filed motions for summary judgment, and after a hearing on the motions, the trial court granted summary judgment in favor of both State Farm and IRCS. The Misslers now appeal.

## Discussion and Decision

[11] When reviewing the grant of summary judgment, our standard of review is the same as that of the trial court. *FLM, LLC v. Cincinnati Ins. Co.,* 973 N.E.2d 1167, 1173 (Ind. Ct. App. 2012) (citing *Wilcox Mfg. Grp., Inc. v. Mktg. Servs. of Ind., Inc.*, 832 N.E.2d 559, 562 (Ind. Ct. App. 2005)), *trans. denied*. We stand in

the shoes of the trial court and apply a *de novo* standard of review. *Id*. (citing *Cox v. N. Ind. Pub. Serv. Co.,* 848 N.E.2d 690, 695 (Ind. Ct. App. 2006)). Our review of a summary judgment motion is limited to those materials designated to the trial court. Ind. Trial Rule 56(H); *Robson v. Tex. E. Corp.,* 833 N.E.2d 461, 466 (Ind. Ct. App. 2005), *trans. denied.* Summary judgment is appropriate only where the designated evidence shows there are no genuine issues of material fact and the moving party is entitled to judgment as a matter of law. T.R. 56(C). For summary judgment purposes, a fact is "material" if it bears on the ultimate resolution of relevant issues. *FLM,* 973 N.E.2d at 1173. We view the pleadings and designated materials in the light most favorable to the non-moving party. *Id.* Additionally, all facts and reasonable inferences from those facts are construed in favor of the non-moving party. *Id.* (citing *Troxel Equip. Co. v. Limberlost Bancshares,* 833 N.E.2d 36, 40 (Ind. Ct. App. 2005), *trans. denied*).

[12] A trial court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *Id.* Where a trial court enters specific findings and conclusions, they offer insight into the rationale for the trial court's judgment and facilitate appellate review, but are not binding upon this court. *Id.* We will affirm upon any theory or basis supported by the designated materials. *Id.* When a trial court grants summary judgment, we carefully scrutinize that determination to ensure that a party was not improperly prevented from having his or her day in court. *Id.*

# I. State Farm

The Misslers argue that the trial court erred when it granted summary judgment in favor of State Farm. They contend that disputed material facts existed as to whether State Farm breached its duty to deal with the Misslers in good faith and use fair dealing. The Misslers allege that the fact that their State Farm agent called IRCS representatives to the scene of their house fire, steered them to use IRCS for their services, and endorsed IRCS as part of its PSP are all disputed material facts that make summary judgment inappropriate as to their claim of breach of good faith and fair dealing. The Misslers specifically assert that, because State Farm endorsed IRCS as part of the PSP, State Farm should have been aware that the IRCS contract terms stripped away the Misslers' right to decide what items would be cleaned or to take a cash settlement instead of having the items cleaned. The Misslers claim that State Farm's actions of calling a personal property restoration company to the scene of the fire to begin work, before the Misslers could assess their options, created a genuine issue of material fact as to whether State Farm exercised an unfair advantage.

Indiana law recognizes a legal duty, implied in all insurance contracts, for the insurer to deal in good faith with its insured. *Missig v. State Farm Fire & Cas. Co.*, 998 N.E.2d 216, 229 (Ind. Ct. App. 2013) (citing *Freidline v. Shelby Ins. Co.,* 774 N.E.2d 37, 40 (Ind. 2002)). An insurance company's duty of good faith and fair dealing includes the obligation to refrain from: (1) making an unfounded refusal to pay policy proceeds; (2) causing an unfounded delay in making payment; (3) deceiving the insured; and (4) exercising an unfair advantage to

pressure an insured into settlement of his claim. *Id.* (citing *Erie Ins. Co. v. Hickman,* 622 N.E.2d 515, 519 (Ind. 1993)). To prove bad faith, the plaintiff must establish by clear and convincing evidence that the insurer had knowledge that there was no legitimate basis for denying liability. *Id.* "'Poor judgment or negligence do not amount to bad faith; the additional element of conscious wrongdoing must also be present.'" *Mahan v. Am. Standard Ins. Co.*, 862 N.E.2d 669, 677 (Ind. Ct. App. 2007) (quoting *Colley v. Ind. Farmers Mut. Ins. Grp.,* 691 N.E.2d 1259, 1261 (Ind. Ct. App. 1998), *trans. denied*), *trans. denied.* "Thus, "[a] finding of bad faith requires evidence of a state of mind reflecting dishonest purpose, moral obliquity, furtive design, or ill will.'" *Id.*

[15] In the present case, there is no dispute that State Farm paid the Misslers the policy limits under the Policy and that there was no delay in paying the claims. The evidence designated by State Farm showed that State Farm was not a party to and did not sign any of the contracts that the Misslers entered into with IRCS. *Appellants' App*. at 38, 54-55, 57, 59. Although Chapman, their State Farm agent, may have called an IRCS representative to come to the scene on the night of the fire, the Misslers were not required by State Farm to use IRCS for their cleaning and restoration services. IRCS was an independent contractor and not an agent of State Farm and was not a participant in State Farm's PSP for personal property restoration as State Farm did not provide PSP contractors for personal property restoration. The evidence also showed that, when the Misslers experienced problems with their personal property cleaning, Van Noy assisted them to try to resolve the problems. *Id*. at 39-40. Further, it is

undisputed that, in making the joint payments to both the Misslers and IRCS, State Farm was complying with the Policy and the contract between the Misslers and IRCS, and in fact under the contract, State Farm could have paid IRCS directly. *Id.* at 40, 57. We conclude that there are no genuine issues of material fact to support the Misslers' claim that State Farm breached its duty to deal with them in good faith and use fair dealing. The trial court properly granted summary judgment in favor of State Farm.

## II. IRCS

[16] The Misslers argue that the trial court erred when it granted summary judgment in favor of IRCS. They contend that material facts were in dispute as to whether the contract between IRCS and the Misslers ("the Contract") was unconscionable. The Misslers assert that the Contract was procedurally unconscionable due to the facts that a representative from IRCS came to the scene of the fire while the house was still burning and that she pressured them into signing the Contract. The Misslers also allege that the Contract was substantively unconscionable because it contained terms that were "oppressively one-sided," and due to the facts designated, it was error to grant summary judgment in favor of IRCS. *Appellants' Br.* at 12.

[17] "A contract is unconscionable if a great disparity in bargaining power exists between the parties, such that the weaker party is made to sign a contract unwillingly or without being aware of its terms." *Brumley v. Commonwealth Bus. Coll. Educ. Corp.*, 945 N.E.2d 770, 777 (Ind. Ct. App. 2011) (citing *Sanford v.*

*Castleton Health Care Ctr., LLC,* 813 N.E.2d 411, 417 (Ind. Ct. App. 2004), *trans. dismissed*). Our unconscionability jurisprudence is sub-divided into two branches: substantive and procedural. *DiMizio v. Romo*, 756 N.E.2d 1018, 1023 (Ind. Ct. App. 2001) (citing *Hahn v. Ford Motor Co.*, 434 N.E.2d 943, 951 (Ind. Ct. App. 1982)), *trans. denied*. Substantive unconscionability refers to oppressively one-sided and harsh terms of a contract, while procedural unconscionability involves the manner and process by which the terms become part of the contract. *Id*. at 1023-24.

[18] The designated evidence showed that, under the terms of the Contract, the Misslers were not given the option of deciding to take a cash settlement for their personal property in lieu of having IRCS clean all of their property; in fact, the contract did not discuss how IRCS determined what property to clean and what property they would dispose of. *Appellants' App*. at 54-55. The Contract also contained language stating that IRCS would perform their services in accordance with industry standards, but did not explain what those standards were. *Id*. Additionally, the Contract stated that IRCS was not required to successfully clean the items for which they would charge the Misslers. *Id*. at 55. Further, the Contract's language provided that the Misslers could be subject to legal claims, including conversion, if they did not endorse the checks issued by State Farm over to IRCS, which meant that the Misslers were forced to pay the insurance proceeds to IRCS even if they were not satisfied with the cleaning services or risk legal claims. *Id*. at 54.

[19] IRCS presented designated evidence that it provided cleaning and restoration services in accordance with industry standards and that it only charged the Misslers for services that were performed on property that was properly restored or cleaned. *Id*. at 122. However, the Misslers stated in their designated evidence that none of their personal property was properly cleaned. *Id*. at 138-40. IRCS also introduced evidence that the services provided to the Misslers, included, but were not limited to: completing, while at the site of the fire and with input from the Misslers, an evaluation of the personal property that could be cost-effectively restored; packing said items and transporting them to an IRCS facility for restoration; cleaning and deodorizing the personal property; and storing the property at an IRCS facility. *Id*. at 122. IRCS does not state if these services are industry standards, and they are not included in the Contract as industry standards. Further, the Misslers presented evidence that some of these services were not actually performed, particularly the completion at the site of the fire of an evaluation of what could be cost-effectively cleaned or the consideration of the Misslers' input as to what items to transport for restoration. *Id*. at 139.

[20] We conclude that, based on the designated evidence, there remain genuine issues of material fact as to whether the terms of the Contract entered into by the Misslers with IRCS were so oppressively one-sided and harsh as to make the Contract unconscionable. Therefore, the trial court erred when it granted summary judgment in favor of IRCS. We remand to the trial court for further

proceedings to determine whether the Contract between the Misslers and IRCS was enforceable.[2]

Affirmed in part, reversed in part, and remanded.

Najam, J., and Barnes, J., concur.

---

[2] The Misslers also contend that the trial court erred when it found that IRCS was not unjustly enriched by charging the Misslers over $19,000.00 from their State Farm coverage payment. As we have determined that issues of material fact exist as to whether the Contract between the Misslers and IRCS was unconscionable, we also conclude that issues of material fact exist as to whether IRCS was unjustly enriched.