## MEMORANDUM DECISION

Pursuant to Ind. Appellate Rule 65(D), this Memorandum Decision shall not be regarded as precedent or cited before any court except for the purpose of establishing the defense of res judicata, collateral estoppel, or the law of the case.



FILED

Nov 25 2019, 8:49 am

CLERK
Indiana Supreme Court
Court of Appeals
and Tax Court

APPELLANTS PRO SE

Robert Holland
Gary, Indiana

ATTORNEYS FOR APPELLEES

Robert J. Dignam
Jessica L. Mullen
O'Neill McFadden & Willett LLP
Schererville, Indiana

# IN THE
# COURT OF APPEALS OF INDIANA

Robert Holland, The Law Firm of Robert M. Holland III, and Holland Real Estate, LLC,

*Appellants-Plaintiffs,*

v.

Lake County Sheriff's Department, Lake County Sheriff Dominguez, Lake County Sheriff Buncich, Sheriff Deputy Lieutenant Hogan, Sheriff Deputy Corporal Evon Foster, Sheriff Deputy John Doe, Sheriff Deputy Sergeant Montgomery, Sheriff Deputy Sergeant Dorsey, Sheriff Deputy McMillan, Lake County Auditor

November 25, 2019

Court of Appeals Case No. 19A-PL-117

Appeal from the Porter Superior Court

The Honorable Mary R. Harper, Judge

Trial Court Cause No. 64D05-1808-PL-7586

Peggy Katona, Lake County Treasurer John Patelas, Lake County Assessor Hank Adams, Gary Calumet Township Assessor Jackie Collins, Lake County Board of Commissioners, Lake County Municipal Government,

*Appellees-Defendants.*

**Friedlander, Senior Judge.**

[1] Robert Holland ("Holland"), The Law Firm of Robert M. Holland III, and Holland Real Estate, LLC appeal the trial court's denial of his motion to set aside the court's order dismissing with prejudice his complaint against the Lake County Sheriff's Department, Lake County Sheriff Dominguez, Lake County Sheriff Buncich, Sheriff Deputy Lieutenant Hogan, Sheriff Deputy Corporal Evon Foster, Sheriff Deputy John Doe, Sheriff Deputy Sergeant Montgomery, Sheriff Deputy Sergeant Dorsey, Sheriff Deputy McMillan, Lake County Auditor Peggy Katona, Lake County Treasurer John Patelas, Lake County Assessor Hank Adams, Gary Calumet Township Assessor Jackie Collins, Lake County Board of Commissioners, Lake County Municipal Government (collectively "Lake County Defendants"). We affirm.

[2] Holland presents five issues, which we restate as one: whether the trial court erred by denying Holland's motion to set aside.

[3] We begin with some background information. On May 28, 2013, Holland, pro se, filed a complaint in the U.S. District Court for the Northern District of Indiana. That court struck Holland's original complaint of 467 pages and allowed him to submit an amended complaint. His amended complaint was forty-five pages long and named twenty-six defendants. Holland alleged that the defendants were part of a vast conspiracy, the purpose of which was to cause injury to him, his business, his profession, and his property. He claimed that, in furtherance of the conspiracy, the defendants had engaged in a pattern of racketeering with the specific purpose of violating his rights. In its opinion, the court quoted from its decision in another of Holland's cases in which it determined that Holland's allegations "'about a vast conspiracy involving his family members, officials from different towns, private hospitals, and multiple state court judges [are] in the vein of "fantastic" or "delusional," warranting dismissal of the complaint as frivolous.'" *Holland v. Lake Cty. Mun. Gov't*, No. 2:13-CV-179-TLS, 2013 WL 5230242, at *3 (N.D. Ind. Sept. 16, 2013) (quoting *Holland v. City of Gary*, No. 2:12-CV-62-TS, 2012 WL 974882, at *3 (N.D. Ind. Mar. 21, 2012)). The court also noted that it had ruled against Holland two additional times in his attempts to sue various combinations of Lake County and Gary officials in federal court. *Holland*, 2013 WL 5230242, at *3 n.2 (citing *Holland v. City of Gary*, No. 2:10-CV-454-PRC (N.D. Ind. filed Nov. 15, 2010) and *Holland v. Lake Cty. Mun. Gov't*, No. 2:13-CV-180-PPS (N.D. Ind. filed May 28, 2013)). Stating that it again found Holland's allegations of a conspiracy to be "in the vein of 'fantastic' or 'delusional,'" the court dismissed Holland's complaint with prejudice as frivolous and noted that many of his claims would

be barred on other grounds even if they were not frivolous. *Holland*, 2013 WL 5230242, at *3.

[4] After Cause 2:13-CV-179-TLS was dismissed in the federal court in 2013, Holland filed his complaint in the present case in state court in November 2017. In December, the Lake County Defendants filed a request to remove the case to federal court because it included federal claims. The federal court issued an order dismissing the federal claims without prejudice and remanding the remaining state claims to the state court. In its order, the court stated that Holland cannot litigate in the federal court because he is "a restricted filer." Federal Court Order in Cause 2:17-CV-456, Appellees' App. Vol. II, pp. 121-22.

[5] After the case was remanded to the state court in Lake County, Holland filed a request for change of venue on January 16, 2018. In the meantime, on January 29, the Lake County Defendants filed a motion to dismiss the action, to which Holland filed a response. In June, the case was venued to Porter County, and, on August 17, the trial court granted the Lake County Defendants' motion to dismiss and ordered the case dismissed with prejudice. On September 17, 2018, Holland filed a motion to set aside the court's order of dismissal, which the court denied on December 13. This appeal ensued.

[6] As a preliminary matter, we note that Holland is proceeding pro se. It is well settled that pro se litigants are held to the same legal standards as licensed attorneys. *Lowrance v. State*, 64 N.E.3d 935 (Ind. Ct. App. 2016), *trans. denied*.

This means that they must follow the established rules of procedure and accept the consequences when they fail to do so. *Id.* We further observe that Holland was a licensed attorney in this state in the past.[1] *See* Complaint, Appellees' App. Vol. II, p. 11, ¶ 6; Appellees' Br. p. 27.

[7] The Lake County Defendants contend that Holland has waived review of his claims because he has failed to present cogent argument. It is well established that we will neither consider an appellant's assertions upon which he has not presented cogent argument supported by authority and references to the record as required by the rules nor address arguments that are either inappropriate, improperly expressed, or too poorly developed to be understood. *Lasater v. Lasater*, 809 N.E.2d 380 (Ind. Ct. App. 2004). It is true that Holland's brief to this Court scarcely adheres to the rules of appellate procedure and is replete with rambling claims that are baseless and repetitious. Nevertheless, we will address what we are able to discern are his concerns before discussing the one genuine, dispositive issue in this case.

[8] In Issue #1 in his brief, Holland alleges several "clerical errors" that he claims require reversal of the trial court's dismissal of his complaint. Appellants' Br. p. 24. Holland maintains the court's dismissal order incorrectly states the filing date of his complaint in this matter, the authority of the Lake County and

---

[1] According to the public records of the Indiana State Bar, Holland was admitted to practice law in 1997 but was suspended in October 2009. His license remains suspended. *See* https://courtapps.in.gov/rollofattorneys (last visited November 18, 2019).

Porter County courts to venue the case to Porter County, the court's review of the case, Holland's filings in response to the Lake County Defendants' motion to dismiss, and his affiliation with the entities of Holland Real Estate LLC and The Law Firm of Robert M. Holland III. In addition, Holland contends the court failed to provide notice of the change of venue.

[9] As for Holland's complaint, it is file-stamped with the date used by the court in its order of dismissal. With regard to the authority of the county courts, Holland simply makes a bald assertion supported by no cogent argument and no citation to authority. We will not consider an appellant's assertions when he has failed to present a cogent argument supported by authority as required by the rules. *Shepherd v. Truex*, 819 N.E.2d 457 (Ind. Ct. App. 2004). If we were to address such arguments, we would be forced to abdicate our role as an impartial tribunal and would instead become an advocate for one of the parties; this we clearly cannot do. *Id.* These principles apply equally to Holland's allegations concerning the court's review of the case, his filings, and his relationship to the businesses. Moreover, nothing about any of these alleged clerical errors would affect the court's decision regarding its dismissal of Holland's complaint.

[10] Finally, as to notice of the change of venue, we first note that Holland is the party that requested the change of venue. *See* Appellants' App. Vol. 2, p. 8. Moreover, he participated in striking from the list of possible venue counties. *See id.* at 23. Additionally, the court's CCS shows notice to the parties of its grant of the motion for change of venue. *See id.* at 33. It is a well-settled

principle that the trial court speaks through its CCS. *City of Indianapolis v. Hicks*, 932 N.E.2d 227 (Ind. Ct. App. 2010) (citing *Minnick v. Minnick*, 663 N.E.2d 1226, 1228 (Ind. Ct. App. 1996) ("A challenge to the mailing of notice is precluded when the docket clearly states that notice was mailed.")), *trans. denied*.

[11] Holland's Issue #2 begins and ends with a compilation of ramblings that set forth no coherent claims. In between, he briefly challenges the trial court's reliance on res judicata for dismissal of his lawsuit, and we will address that issue later in our discussion. Further, as he did in his first issue, Holland alleges that statements in the court's order are erroneous. In addition to general assertions that the court's order is "full of error" and is "clear error," Holland sets forth these purported errors:

- references to: claims in his complaint, a "rule" of the sheriff's department, claims that may be raised in a Rule 12(B)(6) motion, and the federal court's order dismissing his federal claim;
- the characterization of his affiliation with the businesses bearing his name;
- the filing date of his complaint;
- the characterization of the court's review of the case; and
- the quotation of the federal court's dismissal order.

Appellants' Br. pp. 33, 35. Moreover, Holland cites to federal statutes and contends that the Lake County Defendants' notice of removal to federal court was invalid. He further claims that his due process rights were violated because the trial court refused to immediately order a change of venue and repeatedly ruled in favor of the Lake County Defendants.

[12] Yet again, the errors Holland alleges are either baseless declarations of no consequence or are incoherent assertions for which he provides no cogent argument and/or no supporting authority. We are unable and unwilling to address these arguments. *See Lasater*, 809 N.E.2d 380; *see also Shepherd*, 819 N.E.2d 457.

[13] A final claim raised by Holland in his Issue #2 is that the trial court's dismissal was without prior warning, without notice, without a hearing, and without an opportunity to present evidence.

[14] Trial Rule 12(B) provides that a motion to dismiss for failure to state a claim shall be treated as a motion for summary judgment and disposed of as provided in Trial Rule 56 when matters outside the pleading are presented to and not excluded by the court. Where a trial court treats a motion to dismiss as one for summary judgment, the court must give the parties reasonable opportunity to present Trial Rule 56 materials. *See* Ind. Trial Rule 12(B); *Lanni v. Nat'l Collegiate Athletic Ass'n*, 989 N.E.2d 791 (Ind. Ct. App. 2013). A trial court's failure to give explicit notice of its intended conversion of a motion to dismiss to one for summary judgment is reversible error only if a reasonable opportunity to respond is not afforded a party and the party is thereby prejudiced. *Azhar v. Town of Fishers*, 744 N.E.2d 947 (Ind. Ct. App. 2001).

[15] There are three considerations pertinent to a determination of whether a trial court's failure to give express notice deprives the nonmovant of a reasonable opportunity to respond with Trial Rule 56 materials. First, we consider

whether the movant's reliance on evidence outside the pleadings should have been so readily apparent that there is no question that the conversion is mandated by Trial Rule 12(B). *Id.* Second, we consider whether there was ample time after the filing of the motion for the nonmovant to move to exclude the evidence relied upon by the movant in support of its motion or to submit Trial Rule 56 materials in response thereto. *Id.* And third, we consider whether the nonmovant presented "substantiated argument" setting forth the specific, controverted material factual issues he would have submitted to the trial court if he had been given the opportunity. *Id.*

[16] No reversible error occurred here. First, the Lake County Defendants' reliance on evidence outside the pleadings was unmistakable, as they included, among other things, Holland's complaint from Cause 2:13-CV-179-TLS in federal court and the federal court's dismissal order as exhibits to the memorandum they filed with their motion to dismiss. Second, Holland had ample time to move to exclude the evidence relied upon by the Lake County Defendants or to submit materials in response. Indeed, after the motion to dismiss was filed on January 29, 2018, Holland filed his objection to the motion with a motion to strike on February 22, as well as another response on April 9. There was then a lengthy period before the court dismissed the case on August 17. Lastly, Holland has failed to show what additional material he would have presented if he had been given explicit notice of the conversion of the motion.

[17] Moreover, as previously acknowledged, Trial Rule 12(B) provides that a motion to dismiss converted to a motion for summary judgment is disposed of as

provided in Trial Rule 56. Trial Rule 56 requires a court to hold a hearing only when a party makes a timely request. There is no indication that Holland requested a hearing. We find no error.

[18] We turn now to Holland's Issue #3, in which he maintains that his motion to set aside the court's dismissal order pursuant to Trial Rule 60 required a hearing.

[19] Before discussing whether a hearing was required, we must first address a related issue. Holland titled his motion "Motion to Set Aside the Order of 8/17/18" and stated that the motion was "pursuant to Indiana Trial Rules [sic] 60(B)(6) the judgment is void." Appellees' App. Vol. III, p. 75. A ruling on a Trial Rule 60(B)(6) motion requires no discretion on the part of the trial court because the judgment is either void or valid; thus, on appeal, our review is de novo. *Koonce v. Finney*, 68 N.E.3d 1086 (Ind. Ct. App. 2017), *trans. denied*. To prevail under Trial Rule 60(B)(6), the party must demonstrate the prior judgment is void. *Id.* "A judgment is void when the trial court lacked either personal or subject matter jurisdiction in the cause." *Gourley v. L.Y.*, 657 N.E.2d 448, 449 (Ind. Ct. App. 1995), *trans. denied*. Neither circumstance has been shown here. While Holland claims error with the trial court's dismissal of his complaint, the error alleged is not jurisdictional. The trial court's order is not void, and Holland is not entitled to relief under Trial Rule 60(B)(6).

[20] Nevertheless, we will review Holland's motion. Although the motion is captioned as a motion to set aside the judgment under Trial Rule 60(B)(6), in

substance it is a motion to correct error. In light of our preference for placing substance over form, we will consider Holland's motion as a motion to correct error under Trial Rule 59. *See Citizens Action Coal. of Ind., Inc. v. N. Ind. Pub. Serv. Co.*, 804 N.E.2d 289 (Ind. Ct. App. 2004) (stating this Court has indicated its preference to place substance over form). To that end, we observe that a trial court is not required to hold an evidentiary hearing on a motion to correct error. *In re Estate of Wheat*, 858 N.E.2d 175 (Ind. Ct. App. 2006). Consequently, we find no error.

[21] Issue #4 consists of several pages of rambling, incoherent claims. As best we can discern, Holland alleges error with the trial court's grant of the Lake County Defendants' protective order. The Lake County Defendants requested a protective order to stay discovery due to their pending motion to dismiss and given that Holland had requested them to produce voluminous documents requiring numerous hours to prepare. Holland filed an objection to the issuance of a protective order, but the trial court granted a protective order staying all discovery until the pending motion to dismiss was adjudicated.

[22] Trial courts have broad discretion in making discovery rulings, and this Court will reverse such rulings only when there is an abuse of that discretion. *Gonzalez v. Evans*, 15 N.E.3d 628 (Ind. Ct. App. 2014), *trans. denied*. An abuse of discretion occurs when the trial court's decision is clearly against the logic and effect of the facts and circumstances before the court. *Id.* A trial court's discovery rulings are given a strong presumption of correctness because they are

usually fact-sensitive. *Id.* Holland makes no showing that the court abused its discretion by granting the protective order; accordingly, we find no error.

[23] We turn now to the genuine issue in this appeal, which is whether the trial court erred by denying Holland's motion to set aside the court's order of dismissal. As we discussed, Holland's motion is, in substance, a motion to correct error. Therefore, we will review the denial of the motion under the standard applicable to the denial of a motion to correct error. A trial court is vested with broad discretion to determine whether it will grant or deny a motion to correct error. *Luxury Townhomes, LLC v. McKinley Props., Inc.*, 992 N.E.2d 810 (Ind. Ct. App. 2013), *trans. denied*. An abuse of discretion occurs only if the decision is clearly against the logic and effect of the facts and circumstances before the court or the reasonable inferences therefrom. *Id.* Further, the trial court's decision comes to us cloaked in a presumption of correctness, and we may neither reweigh the evidence nor judge the credibility of witnesses. *Id.*

[24] In reviewing a motion to correct error, this Court also considers the standard of review for the underlying ruling. *Id.* We review de novo a trial court's ruling on summary judgment. *Morris v. Crain*, 71 N.E.3d 871 (Ind. Ct. App. 2017). On appeal from a summary judgment, we apply the same standard of review as the trial court: summary judgment is appropriate only where the designated evidentiary matter shows there is no genuine issue as to any material fact and that the moving party is entitled to judgment as a matter of law. *Young v. Hood's Gardens, Inc.*, 24 N.E.3d 421 (Ind. 2015); *see also* Ind. Trial Rule 56(C). The trial

court's grant of summary judgment is clothed with a presumption of validity, and the party who lost in the trial court has the burden of demonstrating that the grant of summary judgment was erroneous. *Auto-Owners Ins. Co. v. Benko*, 964 N.E.2d 886 (Ind. Ct. App. 2012), *trans. denied*. Further, an appellate court may affirm summary judgment on any theory or basis supported by the designated materials. *Missler v. State Farm Ins. Co.*, 41 N.E.3d 297 (Ind. Ct. App. 2015).

[25] In its order dismissing the lawsuit underlying this appeal, the trial court determined that the adjudication of Holland's claims in Cause 2:13-CV-179-TLS in federal court is a bar to the present action pursuant to the doctrine of res judicata. The doctrine of res judicata serves to prevent repetitious litigation of disputes that are essentially the same. *Hilliard v. Jacobs*, 957 N.E.2d 1043 (Ind. Ct. App. 2011), *trans. denied*. The doctrine has two components: claim preclusion and issue preclusion. *Id.* Claim preclusion applies when a final judgment on the merits has been rendered in an action, and it acts to bar a subsequent action on the same claim between the same parties. *Evergreen Shipping Agency Corp. v. Djuric Trucking, Inc.*, 996 N.E.2d 337 (Ind. Ct. App. 2013). More specifically, claim preclusion applies when the following four factors are satisfied: (1) the former judgment must have been rendered by a court of competent jurisdiction; (2) the former judgment must have been rendered on the merits; (3) the matter now in issue was, or could have been, determined in the prior action; and (4) the controversy adjudicated in the

former action must have been between the parties to the present suit or their privies. *Id.*

[26] As to the first two factors, there is no real dispute that the prior judgment was rendered by a court of competent jurisdiction on the merits. The United States District Court in the Northern District of Indiana issued the prior judgment, and "[o]ur courts have generally accepted the rule that we must give full faith and credit to proceedings in federal courts." *Higgason v. Stogsdill*, 818 N.E.2d 486, 491 (Ind. Ct. App. 2004), *trans. denied*. Additionally, although Holland alleges in his brief that the federal court proceeding was not decided on the merits, "'[i]n Indiana, it is well settled that a dismissal with prejudice is a dismissal on the merits, and as such, it is conclusive of the rights of the parties and res judicata as to the questions that might have been litigated.'" *Hart v. Webster*, 894 N.E.2d 1032, 1037 (Ind. Ct. App. 2008) (quoting *Mounts v. Evansville Redevelopment Comm'n*, 831 N.E.2d 784, 791 (Ind. Ct. App. 2005), *trans. denied*).

[27] The third element concerning the matter at issue is also satisfied. The trial court stated in its dismissal order that Holland's complaint in the present case "is virtually the same" as the amended complaint he filed in federal court in Cause No. 2:13-CV-179-TLS, Appealed Order, p. 10, and our review of the record in this case confirms this finding. As for the final requirement that all involved be parties or privies, all the defendants in this case were also defendants in the federal lawsuit with the exception of the Lake County Sheriff's Department, Sheriff Deputy Corporal Evon Foster, and Sheriff Deputy

John Doe. Therefore, claim preclusion bars Holland's suit against all of the Lake County Defendants except the Lake County Sheriff's Department, Sheriff Deputy Corporal Evon Foster, and Sheriff Deputy John Doe.

[28] With regard to the Lake County Sheriff's Department, Sheriff Deputy Corporal Evon Foster, and Sheriff Deputy John Doe, the trial court found several grounds upon which to base its dismissal, but we need address only one.

[29] The trial court determined that Holland had not complied with the notice requirements of the Indiana Tort Claim Act (ITCA). The ITCA governs civil lawsuits against governmental entities and their employees. Ind. Code §§ 34-13-3-1 (1998), -3 (2013). "Governmental entity" for purposes of the ITCA means a political subdivision of the state, and a county is a political subdivision. Ind. Code §§ 34-6-2-49(a) (2013), -110(1) (2007). The ITCA provides that a claim against a political subdivision is barred unless notice is filed with the governing body of the political subdivision and the Indiana political subdivision risk management commission within 180 days after a loss occurs. Ind. Code § 34-13-3-8 (1998). Where a plaintiff elects to sue a governmental employee in his or her individual capacity, notice under Indiana Code section 34-13-3-8 is required only if the act or omission causing the alleged loss is within the scope of the defendant's employment. *Chang v. Purdue Univ.*, 985 N.E.2d 35 (Ind. Ct. App. 2013), *trans. denied*. The ITCA provides substantial immunity for conduct within the scope of a public employee's employment to ensure that public employees can exercise the independent judgment necessary to carry out their duties without threats of harassment or litigation over decisions made within

the scope of their employment. *Id.* Compliance with the ITCA is a question of law for the court to decide. *Id.*

[30] In his complaint, Holland asserts actions by the Lake County Sheriff's Department, Sheriff Deputy Corporal Evon Foster, and Sheriff Deputy John Doe that were squarely within the context of the defendants' roles as a sheriff's department and as deputies. Accordingly, notice under Section 34-13-3-8 was required. *See Chang*, 985 N.E.2d at 51.

[31] Holland has made no showing that he filed a tort claim notice. In his brief to this Court, his argument on this issue consists of one sentence: "There was no violation of the Indiana Tort Claims Act (ITCA), the tort claim notice was provided and/or no notice is required." Appellants' Br. p. 35. Likewise, in his motion to set aside, Holland merely cited to an ITCA provision but included no cogent argument or any statement relating the provision to his claims. *See* Appellees' App. Vol. III, p. 79. Consequently, Holland has failed to fulfill his burden of demonstrating that the trial court's grant of summary judgment on this issue was in error.

[32] Finally, Holland's Issue #5, as well as a separate motion filed in this appeal, address his request for fees pursuant to Appellate Rule 66(E). Incredibly, he "asks this Court to order Defendants to pay [him] attorney fees in causing and contesting this appeal." Appellants' Br. p. 45. His motion requests attorney fees and, in addition to Rule 66(E), cites to several federal and state statutes, including the Indiana crime victim's statute. The motion contains rambling

statements concerning issues addressed in his brief, as well as additional unintelligible arguments. Among other things, he alleges that he is a "private attorney general" bringing his lawsuit because it is in the interest of and benefits the general public, and he requests $89,601 in fees.

[33] Appellate Rule 66(E) provides: "The Court may assess damages if an appeal, petition, or motion, or response, is frivolous or in bad faith. Damages shall be in the Court's discretion and may include attorneys' fees." There is absolutely no evidence of bad faith on the part of the Lake County Defendants that would support an award of fees to Holland pursuant to Rule 66(E), and Holland points to none. In fact, in an order issued the same day as its motion denying Holland's motion to set aside, the trial court found that Holland's "filings have been frivolous, without merit and have been abusive." Appealed Order, p. 21. Moreover, Indiana does not recognize the "private attorney general" exception to the American Rule regarding attorney fees. *State Bd. of Tax Comm'rs v. Town of St. John*, 751 N.E.2d 657 (Ind. 2001). Therefore, we deny, here and by separate order, Holland's request for fees.

[34] For the reasons stated, we conclude that Holland has failed to show that the trial court abused its discretion by denying his motion to set aside.

[35] Judgment affirmed.

Riley, J., and Bailey, J., concur.